J-S63041-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA,    :     IN THE SUPERIOR COURT OF
                               :              PENNSYLVANIA
           Appellee          :
                               :
           v.               :
                               :
KEVIN JONES,                :
                               :
           Appellant         :         No. 1046 EDA 2015

Appeal from the Judgment of Sentence entered on March 6, 2015
in the Court of Common Pleas of Delaware County,
Criminal Division, No. CP-23-CR-0002089-2013

BEFORE: DONOHUE, MUNDY and MUSMANNO, JJ.

MEMORANDUM BY MUSMANNO, J.:          **FILED NOVEMBER 25, 2015**

Kevin Jones ("Jones") appeals from the judgment of sentence imposed following his guilty plea to rape, involuntary deviate sexual intercourse, kidnapping, robbery, robbery of a motor vehicle, theft, indecent assault, terroristic threats, possessing an instrument of crime, and conspiracy.[1] We affirm.

The trial court set forth the relevant history of this case as follows:

The victim, a 22 year-old mother, was alone in her motor vehicle Christmas night, December 25, 2012. She was parked outside of a closed water ice stand waiting for her boyfriend[,] who was across the street in Rudy's Tavern, Upper Darby Township, Delaware County, saying goodbye to family members. The victim was looking at her phone when [Jones] and two other Co-Defendants approached her car, put a gun to her window and told her to get out of the car[,] while ripping open the door. Co-Defendant [Brehon] Rawlings assaulted her with a weapon and

---

[1] 18 Pa.C.S.A. §§ 3121(a)(1), 3123(a)(1), 2901(a)(3), 3701(a)(1)(iv), 3702(a), 3921(a), 3126(a)(2), 2706(a)(1), 907(b), 903(c).

then forced her to move over[,] and all three entered the car with the victim inside.  Co-Defendant Rawlings drove the car away from the location while the victim screamed and cried hysterically.  The trio[,] with [the] victim inside[,] drove around Upper Darby and Philadelphia for most of the night, threatened the victim repeatedly with death and bodily harm[,] and told her she had to do what they say to ever see her daughter again.  Each of the three Defendants forced her to perform oral sex on them[,] and [C]o-Defendant Rawlings raped the victim vaginally.

Trial Court Opinion, 6/1/15, at 1-2.

On November 5, 2014, after a jury had been selected, but before trial began, Jones entered an open plea of guilty to the above-mentioned crimes. On March 6, 2015, the trial court sentenced Jones to an aggregate prison term of 15 years and 2 months to 32 years and 4 months.  Jones was also required to register as a sex offender.

Jones filed a timely Notice of Appeal of his sentence.  The trial court ordered Jones to file a Pennsylvania Rule of Appellate Procedure 1925(b) concise statement.  Jones filed a timely Concise Statement.

On appeal, Jones raises the following questions for our review:

1.  Is there a substantial question for which [this] Court should grant allowance of an appeal from the discretionary aspects of sentencing?

2.  Is the sentence harsh and manifestly excessive, and[,] therefore[,] unjust and unreasonable?

3.  Whether the [t]rial [c]ourt abused its discretion when it failed to consider mitigating factors at sentencing, and thereby imposed upon [Jones] an excessive sentence?

Brief for Appellant at 4.

Jones contends that the sentencing judge abused her discretion in imposing an excessive sentence by not adequately taking into account several mitigating factors. *Id.* at 18. Jones argues that those factors include his age (17 years old at the time of the crime), his lack of prior record, his limited role in the offenses, and his cooperation with the prosecution. *Id.* at 18-19. Jones asserts that the sentencing judge did not adequately consider the Sentencing Code guidelines, and the individual characteristics of the committed crime and Jones. *Id.* at 19. He argues the judge's reasoning for the sentence indicates that she focused exclusively on protection of the public, without properly considering the mitigating factors. *Id.*

Jones challenges the discretionary aspects of his sentence.[2]

> [W]e conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. [720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

*Commonwealth v. Phillips*, 946 A.2d 103, 112 (Pa. Super. 2008). (quotation marks and some citations omitted).

Here, Jones has filed a timely Notice of Appeal, but the issue was not properly preserved at sentencing or in a motion to reconsider or modify the

---

[2] Jones entered an open plea agreement, so he was not precluded from raising a discretionary aspects of sentence claim. *See Commonwealth v. Tirado*, 870 A.2d 362, 365 n.5 (Pa. Super. 2005).

sentence. *Id.*; *see also* Pa.R.Crim.P. 720 (stating that "a written post-sentence motion shall be filed no later than 10 days after imposition of sentence[.]"). Thus, the issue is waived, and we cannot review it on appeal. *See Commonwealth v. Evans*, 901 A.2d 528, 534 (Pa. Super. 2006) (holding the defendant's challenges to the discretionary aspects of sentencing were waived because he failed to raise the claims at the sentencing hearing or file a post-sentence motion as required by Pa.R.Crim.P. 720).

Further, Jones's brief fails to include a separate Pa.R.A.P. 2119(f) concise statement, and the Commonwealth objected to this defect. Brief for the Commonwealth at 8; *see also Commonwealth v. Love*, 896 A.2d 1276, 1287 (Pa. Super. 2006) (stating that failure to include a Rule 2119(f) statement precludes this Court from addressing the merits of a claim when the Commonwealth objects to the omission of the statement).[3] Accordingly, Jones's claim is waived on appeal.

Judgment of sentence affirmed.

---

[3] We note that the trial court had the benefit of a pre-sentence investigation report. *See Commonwealth v. Downing*, 990 A.2d 788, 794 (Pa. Super. 2010) (stating that "where the trial court is informed by a pre-sentence report, it is presumed that the court is aware of all appropriate sentencing factors and considerations, and that where the court has been so informed, its discretion should not be disturbed"). Further, the trial court thoroughly set forth its reasons for the sentence on the record. *See* N.T. 3/6/15 at 18; *see also* Trial Court Opinion, 6/1/15, at 5-6.

J-S63041-15

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/25/2015