J-S23008-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| MARK DAVID BARENDS | |
| Appellant | No. 3206 EDA 2015 |

Appeal from the Judgment of Sentence May 8, 2015
In the Court of Common Pleas of Northampton County
Criminal Division at No(s): CP-48-CR-0000652-2015
CP-48-CR-0000653-2015

BEFORE:  PANELLA, J., OTT, J., and FITZGERALD, J.[*]

MEMORANDUM BY PANELLA, J.                **FILED JUNE 07, 2016**

Appellant, Mark David Barends, appeals from the judgment of sentence entered by the Honorable Stephen G. Baratta, President Judge of the Court of Common Pleas of Northampton County. Additionally, Barends' court-appointed counsel, Rory B. Driscole, Esquire, filed a petition to withdraw as counsel and a brief pursuant to **Anders v. California**, 386 U.S. 738 (1967), and **Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009). We affirm the judgment of sentence and grant Attorney Driscole's petition to withdraw.

The relevant factual and procedural history is as follows. Barends entered a negotiated guilty plea to resisting arrest, possession of drug

_____

[*] Former Justice specially assigned to the Superior Court.

paraphernalia, DUI, and harassment. Thereafter, the trial court sentenced Barends to an aggregate term of 15 to 60 months' imprisonment. The trial court denied Barends' post-sentence motion to withdraw his guilty plea. Thereafter, Barends filed a motion to reinstate appellate rights *nunc pro tunc*, which the trial court granted. This timely appeal followed. Attorney Driscole subsequently filed a petition to withdraw as counsel and an **Anders** brief.

We begin by addressing Attorney Driscole's petition to withdraw. If counsel believes an appeal is frivolous and wishes to withdraw representation on appeal, he must follow certain steps.

> First, counsel must petition the court for leave to withdraw and state that after making a conscientious examination of the record, he has determined that the appeal is frivolous; second, he must file a brief referring to any issues in the record of arguable merit; and third, he must furnish a copy of the brief to the defendant and advise him of his right to retain new counsel or to himself raise any additional points he deems worthy of the Superior Court's attention.

**Santiago**, 978 A.2d at 351 (citation omitted). Substantial compliance with these requirements is sufficient. **See Commonwealth v. Wrecks**, 934 A.2d 1287, 1290 (Pa. Super. 2007). Once counsel has met his obligations, "it then becomes the responsibility of the reviewing court to make a full examination of the proceedings and make an independent judgment to decide whether the appeal is in fact wholly frivolous." **Santiago**, 978 A.2d at 355 n.5 (citation omitted).

Attorney Driscole has substantially complied with the technical requirements of **Anders** as articulated in **Santiago**. Additionally, Attorney Driscole sent a copy of the **Anders** brief to Barends, as well as a letter explaining to Barends that he has the right to proceed *pro se* or retain new counsel. Barends has not filed a response.

We will now conduct an independent evaluation of the record to determine the accuracy of Attorney Driscole's averment that this appeal is wholly frivolous. The **Anders** brief challenges discretionary aspects of Barends' sentence. **See** Appellant's Brief, at 5. Thus, Barends was required to "set forth in his brief a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of [his] sentence." Pa.R.A.P. 2119(f).

> The concise statement must specify where the sentence falls in relation to the sentencing guidelines and what particular provision of the code it violates. Additionally, the statement must specify what fundamental norm the sentence violates and the manner in which it violates that norm. If the statement meets these requirements, we can decide whether a substantial question exists.

**Commonwealth v. Kiesel**, 854 A.2d 530, 532 (Pa. Super. 2004) (internal quotations and citations omitted).

"[A] defendant's statement must raise a substantial question as to whether the court properly considered the sentencing guidelines." **Commonwealth v. Downing**, 990 A.2d 788, 792 (Pa. Super. 2010) (citation omitted). A "substantial question" as to the inappropriateness of the

sentence under the Sentencing Code exists "only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." **Commonwealth v. Glass**, 50 A.3d 720, 727 (Pa. Super. 2012) (internal quotations and citations omitted).

Here, the **Anders** brief does not include a 2119(f) statement, nor does it cite to a particular provision of the Sentencing Code or a specific fundamental norm that Barends' sentence allegedly violates. Nevertheless, in light of Attorney Driscole's petition to withdraw, we will address the claim. **See Commonwealth v. Lilley**, 978 A.2d 995, 998 (Pa. Super. 2009) (stating that where counsel files an **Anders** brief, this Court will review discretionary aspects of sentencing claims that were otherwise not properly preserved).

Our standard of review is as follows.

> Sentencing is vested in the discretion of the trial court, and will not be disturbed absent a manifest abuse of that discretion. An abuse of discretion involves a sentence which was manifestly unreasonable, or which resulted from partiality, prejudice, bias, or ill will. It is more than just an error in judgment.

**Downing**, 990 A.2d at 792-93 (citation omitted).

Upon review of the record, we conclude that the trial court did not abuse its discretion in fashioning Barends' sentence. After considering the pre-sentence investigation report, the trial court imposed sentences within the standard range of the sentencing guidelines for all of Barends'

convictions. The standard range sentence is presumptively reasonable. ***See***, ***e.g.***, ***Commonwealth v. Fowler***, 893 A.2d 758, 767 (Pa. Super. 2006). Thus, Barends' challenge to the discretionary aspects of his sentence is meritless.

After examining the issue contained in the ***Anders*** brief and undertaking our own independent review of the record, we agree with Attorney Driscole's assessment that this appeal is wholly frivolous.

Judgment of sentence affirmed. Permission to withdraw as counsel granted. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/7/2016