J-S28008-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| LAMARR JONES, | |
| Appellant | No. 819 EDA 2015 |

Appeal from the Judgment of Sentence January 20, 2015
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0008032-2013

BEFORE: BOWES, LAZARUS AND PLATT,* JJ.

MEMORANDUM BY BOWES, J.: **FILED JULY 15, 2016**

Lamarr Jones appeals from the judgment of sentence of seven to fourteen years of incarceration followed by six years of probation that the trial court imposed after a jury convicted Appellant of aggravated assault and possession of an instrument of crime. We affirm.

The proof underlying these convictions was as follows. On February 18, 2013, Appellant made arrangements with the victim, Walter Jackson, to go to a local gym in Philadelphia. The two men agreed to meet at the home of the girlfriend of Appellant's brother. When Mr. Jackson arrived at the designated location, Appellant was already there, and wearing thick rubber gloves fastened to his wrists with masking tape. After the men conversed briefly, Mr. Jackson said he was leaving for the gym, but Appellant stopped

_____

* Retired Senior Judge assigned to the Superior Court.

him.   Appellant had heard rumors that Mr. Jackson engaged in sexual relations with Appellant's former wife, accused Mr. Jackson of that conduct, and said that he was going to kill Mr. Jackson.

Mr. Jackson denied the allegations and started to leave the residence. Appellant retrieved a metal baseball bat and began to swing it at the victim while the victim attempted to call his aunt, who was a police officer. Appellant shattered the cell phone with the bat.  Mr. Jackson ran, and he and his attacker went into the kitchen, where Appellant threw a pot of boiling oil at Mr. Jackson.  Mr. Jackson ducked so that his face was not struck by that liquid, but the oil engulfed Mr. Jackson's back, neck, and arms, and it ignited his shirt.  As Mr. Jackson ran toward the exit of the house, Appellant retrieved the bat, and began to strike the victim on the back on the head.  Mr. Jackson was able to flee from the residence and ran to a nearby donut shop, where an employee contacted police.

Philadelphia Police Officer Michael Smith responded to the call and discovered Mr. Jackson hiding in the bathroom of the donut shop with severe burns to his back, neck, and forearms.  The victim was transported to the hospital, where he was later interviewed by police and identified Appellant as his attacker.  Appellant was arrested on February 25, 2013.

After Appellant received the above-described sentence, he filed a post-sentence motion for reconsideration.  Before that motion was resolved, Appellant filed the present appeal.  Since the trial court thereafter denied the

post-sentence motion, we consider the within appeal as filed on the date of entry of the final order denying the post-trial motion. Pa.R.A.P. 905(a)(5) ("A notice of appeal filed after the announcement of a determination but before the entry of an appealable order shall be treated as filed after such entry and on the date thereof.").

Appellant raises two issues for our review:

1. The trial court abused its discretion and imposed a manifestly unreasonable *s*entence by sentencing the Appellant in the aggravated range of the sentencing guidelines without giving proper consideration to the Appellant's needs for rehabilitation.

2. The court erred when it permitted the prosecution to introduce text messages purportedly from the Appellant without proper foundation without proper notice by the prosecution and other related evidentiary issues.

Appellant's brief at 6.

We consider the questions in reverse order as the second, if successful, would entail the grant of a new trial while the first would require only re-sentencing. That challenge relates to the trial court's admission of text messages that Appellant sent after the crime to the victim's aunt. Initially, we note, "Our standard of review over evidentiary rulings requires us to determine whether the trial court abused its discretion." *Commonwealth v. Henkel*, 938 A.2d 433, 440 (Pa.Super. 2007). In *Commonwealth v. Koch*, 39 A.3d 996 (Pa.Super. 2011), we ruled that a text message must be properly authenticated before it is admissible into

evidence. Under that decision, before a text message purportedly authored by the defendant can be admitted, the Commonwealth must present circumstantial evidence tending to corroborate that the defendant actually sent the message in question.

Herein, the trial court concluded that there was significant proof establishing that Appellant disseminated the communications. The messages were received by the victim's aunt within hours after the attack. She confirmed that the messages were generated from Appellant's cell phone number. Contextually, the messages also indicated that Appellant was their author. One was an apology and the other confirmed that the motive for the attack was the fact that Mr. Jackson had engaged in sexual relations with Appellant's former spouse.

Accordingly, we conclude that the trial court did not abuse its discretion in concluding that there was sufficient contextual evidence to authenticate the fact that the text messages were sent by Appellant, and we affirm on the basis of the thorough and compelling analysis provided by the trial court, the Honorable Edward Wright, on pages nine through eleven of his May 28, 2015 opinion.[1]

_____

[1] To the extent that Appellant suggests that the text messages should have been excluded from evidence in that he was not aware of their existence until trial, this position is waived as Appellant did not object at trial on this basis. *Commonwealth v. Smith*, 985 A.2d 886 (Pa. 2009) (where

*(Footnote Continued Next Page)*

- 4 -

Appellant's second averment is that his aggravated-range sentence is excessive since the trial court did not give "proper consideration" or "adequate weight" to mitigating factors. Appellant's brief at 6, 12. This position relates to the discretionary aspects of Appellant's sentence, and a defendant does not enjoy an appeal as of right from the discretionary aspects of his sentence. *Commonwealth v. Giordano*, 121 A.3d 998 (Pa.Super. 2015). Instead, merits review of such a claim can be obtained only when a four-part test is satisfied: 1) there is a timely appeal; 2) the issue is preserved in the trial court proceedings and in a Pa.R.A.P. 1925(b) statement; 3) the brief includes a concise statement of the reasons relied upon for allowance of appeal to this Court from the discretionary aspects of a sentence as required by Pa.R.A.P. 2119(f); and 4) that statement raises the existence of a substantial question that the sentence is not appropriate under the Sentencing Code. *Id*.

In the present case, Appellant satisfied the first three aspects of this test. However, his Pa.R.A.P. 2119(f) fails to raise the existence of a substantial question as to the appropriateness of his sentence. As noted, Appellant's claim is that the sentencing court did not adequately weigh the mitigating factors herein. "This Court has held on numerous occasions that

*(Footnote Continued)* ───────────

defendant objects to introduction of evidence on one ground, only that specific objection is preserved for purposes of appeal).

a claim of inadequate consideration of mitigating factors does not raise a substantial question for our review." *Commonwealth v. DiSalvo*, 70 A.3d 900, 903 (Pa.Super. 2013) (quoting *Commonwealth v. Downing*, 990 A.2d 788, 794 (Pa.Super. 2010)). Moreover, the trial court had the benefit of a presentence report so we must presume that the mitigating factors were weighed. *Commonwealth v. Macias*, 968 A.2d 773 (Pa.Super. 2009). Hence, we decline to review the discretionary aspects of Appellant's sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/15/2016