J-A29031-17

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| BRANDON MENLEY, | : | |
| | : | |
| Appellant | : | No. 340 EDA 2017 |

Appeal from the Judgment of Sentence August 25, 2016
in the Court of Common Pleas of Philadelphia County,
Criminal Division, at No(s): CP-51-CR-0014148-2014

BEFORE:    LAZARUS, PLATT, and STRASSBURGER,* JJ.

MEMORANDUM BY STRASSBURGER, J.:    **FILED DECEMBER 29, 2017**

Brandon Menley (Appellant) appeals from the judgment of sentence imposed after he pled guilty to, rape, robbery, aggravated assault, burglary, possessing instruments of a crime, unlawful restraint, and false imprisonment. We affirm.

> The charges herein stemmed from an incident that occurred on October 4, 2014, during which [Appellant] entered an art school and approached X.R. the victim herein, and subdued her by striking her in the head several times with a hammer and strangling her.  [Appellant] then forced the victim to engage in sexual intercourse after which he robbed the victim of $650.00 in cash before leaving the school.  The victim suffered a serious head injury requiring that her wound be stapled shut as well as mental health therapy.
>
> The incident was captured on a video surveillance system and police soon apprehended [Appellant], who, at first, denied responsibility for the attack.  However, upon being confronted

*Retired Senior Judge assigned to the Superior Court.

with the video recording of the attack, he soon confessed that he assaulted the victim but indicated that he had no memory of having raped her. During their investigation, police also recovered a hammer and sales receipts from two stores from a storage locker [Appellant rented []] on October 6, 2014, along with $245.00 from [Appellant's] person.

Trial Court Opinion, 3/23/2017, at 2.

On March 15, 2016, Appellant entered an open guilty plea to the aforementioned crimes. On August 25, 2016, the trial court imposed an aggregate sentence of 30 to 60 years' incarceration followed by 15 years' probation.[1] Appellant timely filed a motion to modify sentence, which was denied by operation of law. Appellant thereafter filed a timely notice of appeal.[2]

Appellant raises the following issues for this Court's consideration.

[1.] At sentencing, a 30 year-old [Appellant] presented the [trial] court with mitigating evidence including his mental illness and brain injury, his history of homelessness and substance abuse, his lack of violent history, his repeated expressions of remorse, his confession, and acceptance of responsibility. Did the sentencing court fail to adequately consider all these mitigating factors when it sentenced him to an aggregate sentence of 30 [to] 60 years of incarceration?

[2.] Did the sentencing court fail to provide sufficient reasons for sentencing a mentally ill, first-time offender, with no history of violence to a 30 [to] 60 year sentence that was outside the guidelines?

---

[1] An assessment performed subsequent to Appellant's guilty plea revealed that Appellant was not a sexually violent predator ("SVP") pursuant to 42 Pa.C.S. § 9799.24.

[2] Both Appellant and the trial court complied with Pa.R.A.P. 1925.

- 2 -

Appellant's Brief at 3 (trial court answers omitted).

Appellant's questions challenge the discretionary aspects of his sentence. Accordingly, we bear in mind the following.

> Challenges to the discretionary aspects of sentencing do not entitle an appellant to review as of right. An appellant challenging the discretionary aspects of his [or her] sentence must invoke this Court's jurisdiction by satisfying a four-part test:

>> We conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.[] § 9781(b).

*Commonwealth v. Griffin*, 65 A.3d 932, 935 (Pa. Super. 2013) (some citations omitted).

Here, Appellant filed a timely post-sentence motion and a notice of appeal, and included a statement pursuant to Rule 2119(f) in his brief. We now turn to consider whether Appellant has presented substantial questions for our review.

The determination of what constitutes a substantial question must be evaluated on a case-by-case basis. *Commonwealth v. Paul*, 925 A.2d 825, 828 (Pa. Super. 2007). "A substantial question exists only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing

- 3 -

Code; or (2) contrary to the fundamental norms which underlie the sentencing process." *Griffin*, 65 A.3d at 935 (citation and quotation marks omitted).

Upon review, we find Appellant's first issue, alleging the sentencing court failed to "properly consider all mitigating factors" does not raise a substantial question. Appellant's Brief at 17-18. *See Commonwealth v. Disalvo*, 70 A.3d 900, 903 (Pa. Super. 2013) ("[T]his Court has held on numerous occasions that a claim of inadequate consideration of mitigating factors does not raise a substantial question for our review.") (quoting *Commonwealth v. Downing*, 990 A.2d 788, 794 (Pa. Super. 2010));*Commonwealth v. Zirkle*, 107 A.3d 127, 133 (Pa. Super. 2014) ("[W]e have held that a claim that a court did not weigh the factors as an appellant wishes does not raise a substantial question.").[3,4]

---

[3] In concluding as such, we nonetheless remain cognizant of the inconsistent categorization of an issue as one that does or does not raise a substantial question. *Compare Disalvo* and *Zirkle* with *Commonwealth v. Buterbaugh*, 91 A.3d 1247, 1266 (Pa. Super. 2014) ("[A]rgument[] that the sentencing court failed to consider the factors proffered in 42 Pa.C.S. § 9721 does present a substantial question[.]" (citation omitted); *Commonwealth v. Downing*, 990 A.2d 788, 793 (Pa. Super. 2010) (Defendant's claim "that the trial court failed to consider [his] rehabilitative needs and the protection of society in fashioning [his] sentence" raised a substantial question).

[4] Even if Appellant raised a substantial question allowing this Court to entertain Appellant's claim, he would still not be entitled to relief. Here, the sentencing court had the benefit of "sentencing memoranda" from Appellant and the Commonwealth, as well as "various pre-sentence [investigation reports (PSI)]." Trial Court Opinion, 3/23/2017, at 3. *See also* N.T.,
*Footnote Continued Next Page*

While Appellant's issue concerning the court's allegedly inadequate consideration of the applicable mitigating factors does not raise a substantial question, Appellant's claim that the trial court erred by failing to set forth sufficient reasons for sentencing him outside the guideline range does. *See Commonwealth v. Garcia-Rivera*, 983 A.2d 777, 780 (Pa. Super. 2009) ("This [C]ourt has found that a claim the trial court failed to state its reasons for deviating from the guidelines presents a substantial question for review.").

With respect to this claim, Appellant argues the trial court's statements at sentencing and its written opinion "show[] that the court did not rationally and systematically analyze the guidelines but instead passionately departed from the guidelines by misplacing its focus on the egregiousness of the offenses" without considering his "non-violent, law-abiding history and his severe mental health characteristics." Appellant's Brief at 30-31.

It is well-settled that

_(Footnote Continued)_ ───────────

8/25/2016, at 4 ("For the record, I've reviewed the Commonwealth's sentencing memo. I've reviewed, in large part, the sections of the defense's memorandum I think were pertinent. I've reviewed the presentence investigation and I'm ready to proceed – and the letters in support of the [Appellant]. I'm ready to proceed [with sentencing]."). "Where the sentencing court had the benefit of a [PSI], we can assume the sentencing court 'was aware of relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors.'" *Commonwealth v. Griffin*, 65 A.3d at 937 (quoting *Commonwealth v. Devers*, 546 A.2d 12, 18 (Pa. 1988)).

[w]hen a sentencing court makes the decision to deviate from the sentencing guidelines, it is especially important that the court consider all factors relevant to the determination of a proper sentence. This means that a sentencing court must give consideration not only to the nature of the crime, but also to the individual character and circumstances of the offender.

*Commonwealth v. Eby*, 784 A.2d 204, 207–08 (Pa. Super. 2001) (citation and quotation marks omitted).

The trial court rejected Appellant's characterization of what the court considered prior to imposing Appellant's sentence.

Here, [Appellant] should be denied relief because a review of the transcript of the sentencing hearing indicates that th[e trial court] complied with the law in all respects. First, th[e trial court] considered the recommended sentencing guidelines ranges. Th[e trial court] also reviewed both parties' sentencing memoranda and various pre-sentence reports prior to the sentencing hearing that set forth [Appellant's] criminal history and biographical particulars, including his age and upbringing. Therefore, th[e trial court] was well aware of all information relevant to sentencing, including the Commonwealth's recommendation that the circumstances herein required the imposition of a lengthy sentence.

The [trial court] also took into account the mitigating evidence presented by [Appellant] and weighed that against the facts and circumstances of the instant crime in deciding upon a sentence, which is evidenced by the fact that the [trial court] did not impose consecutive sentences of incarceration on all of the crimes [Appellant] was convicted of committing, which the Commonwealth sought during the sentencing hearing.

With regard to the complaint that th[e trial court] failed to give adequate reasons for the sentence herein, which were outside the recommended sentencing guidelines ranges, the law provides that adequate reasons for deviating from the sentencing guidelines are given when the sentencing court demonstrates on the record that it considered a defendant's circumstances, prior criminal record, personal characteristics and

rehabilitative potential and where the record indicates that the court had the benefit of a [PSI].

Here, th[e trial court] complied with the law because it did set forth its reasons for the sentence after considering all of the reports and evidence presented to it, which indicated that the facts of the case, which were horrific because defendant stalked the victim and then ambushed her as she was beginning her work day. Clearly, while the remarks were terse, under the circumstances it is suggested that they were sufficient to satisfy the dictates of the law. With regard to [Appellant's] claim that the sentence imposed was disproportionate to the crimes he was convicted of committing, the facts show that [Appellant] stalked the victim and followed her into a school, beat the victim with a hammer, choked her, and then raped her causing her enormous physical, mental, and emotional pain. Given these facts, [Appellant's] claim that the sentences were disproportionate to the crimes committed is ris[i]ble. Consequently, th[e trial court] suggests that this claim lacks merit because it is the view of th[e trial court] that only a severe sentence would suffice to satisfy the factors of retribution, rehabilitation, and the safety of the public.

Finally, the [trial c]ourt did take into account [Appellant's] rehabilitative needs during the sentencing hearing. The record shows that th[e trial court] directed that [Appellant] be housed at a state correctional facility that could provide mental health and drug treatment.

Trial Court Opinion, 3/23/17, at 3-5 (citations omitted).

Our review of the record confirms the foregoing. Specifically, the trial court set forth the following prior to imposing Appellant's sentence.

This is a horrific crime, terrifying crime. And I can appreciate the anguish of [Appellant's] family. I reviewed all the medical -- all the mental health reports that are available. Doctor O'Brien indicates that [Appellant] was never diagnosed with a psychiatric illness, but, I think, certainly given his upbringing, he had certain mental health problems. The predator assessment board says he does not -- within a reasonable degree of psychological certainty [Appellant] does not currently meet the criteria set forth for the classification of sexually violent offender. That

- 7 -

being said, having watched the video, having reviewed the facts of the case, the action was extremely deliberate. And the [trial c]ourt cannot allow this [Appellant] to go -- not only unpunished, but to go with anything less than a strong sentence, given the crime -- horrid crime that was committed in this matter.

* * *

I'm putting in the sentencing that I recommend that [he] be sentenced -- sent to a state institution with mental health facilities, and possible facilities for -- since he did have a drug problem, dual diagnostic -- which conduct dual diagnostic evaluations. But it should be -- state prison has capable mental health facilities.

N.T., 8/25/2016, at 61-62, 65-66.[5]

Additionally, as noted *supra*, the trial court (1) reviewed Appellant's PSI prior to sentencing, as well as a lengthy sentencing memorandum submitted by Appellant, which detailed the various mitigating factors he sought to present; and (2) heard from several individuals who made statements on behalf of Appellant at sentencing. The trial court considered this ample evidence offered by Appellant and was aware of Appellant's mitigating factors and the applicable sentencing guidelines prior to the imposition of Appellant's sentencing. Nonetheless, for the reasons cited *supra*, the trial court concluded that the imposition of a sentence above the recommended guidelines was appropriate. ***See Commonwealth v. Mouzon,*** 828 A.2d 1126, 1128 (Pa. Super. 2003) (An "appellate court must

---

[5] The Commonwealth also set forth the guideline ranges on the record prior to the imposition of Appellant's sentence. N.T., 8/25/2016, at 35-36. Thus, it is evident that the trial court was aware that the sentence imposed exceeded the recommended guideline ranges.

give great weight to the sentencing court's discretion, as he or she is in the best position to measure factors such as the nature of the crime, the defendant's character, and the defendant's display of remorse, defiance, or indifference.").

In light of the foregoing, we find Appellant has presented no issue on appeal which would convince us to disturb his judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.

Prothonotary

Date: 12/29/17