J-S16028-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| DOREEN ANN HARRIS | : | |
| | : | No. 1593 MDA 2017 |
| Appellant | : | |

Appeal from the Judgment of Sentence September 7, 2016
In the Court of Common Pleas of Lebanon County Criminal Division at
No(s): CP-38-CR-0002072-2015

BEFORE:   BOWES, J., MURRAY, J., and PLATT*, J.

MEMORANDUM BY MURRAY, J.:                        **FILED MARCH 21, 2018**

Doreen Ann Harris (Appellant) appeals from the judgment of sentence imposed after she pled guilty to one count each of forgery, theft by unlawful taking, theft by deception, receiving stolen property, criminal attempt (theft by deception), and two counts of access device fraud.[1]

The trial court recounted the facts underlying Appellant's convictions as follows:

> On August 17, 2015, Diane Malone (hereinafter "Malone") met police to discuss fraudulent activity that had occurred on her sister's bank account.  Malone's sister (hereinafter "victim") had been living in a nursing home at this time, and the bank called Malone to alert her to the fraudulent activity.  Malone told police that she was informed that numerous checks to cash ha[d] been

---

* Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S.A. §§ 4104, 3921, 3922, 3925, 901, and 4106(a)(1)(i) and (3).

written as well as checks to Desiree Harris, Demetrious Harris and Dalilia Harris. There had been eight fraudulent checks cashed from the victim's account totaling $4,220.00, and an additional check was placed on hold and was never cashed. The check that had not been cashed was in the amount of $995.00. Malone told police that one of her sister's caregivers was identified as [Appellant] Doreen Harris.

When interviewed by police, the victim stated that she did not write any checks for cash, nor did she have anyone write them out for her. The victim stated that due to health issues, she was unable to keep track of her own finances. The victim identified [Appellant] as a past caregiver and stated that she had never given [Appellant] checks for any reason.

[Appellant] was eventually interviewed regarding the fraudulent checks. [Appellant] stated that one of the victim's caretakers must have cashed the checks. She later stated that she wrote some of the checks, but not all of them. After telling the police multiple stories, [Appellant] eventually admitted to stealing the victim's checkbook and writing and signing the victim's name. [Appellant] admitted to depositing the checks into her own bank account.

On September 30, 2015, the victim became aware of fraudulent activity on a different bank account totaling $1,588.15. The new fraudulent charges were made using the victim's debit card. When police contacted [Appellant] regarding the new fraudulent charges, [Appellant] initially denied taking victim's debit card. Police informed [Appellant] they could get video evidence of her using [Appellant's] debit card, and [Appellant] changed her story and ultimately confessed to taking the victim's debit card and using it without permission.

Trial Court Opinion, 11/8/17, at 2-3.

Appellant entered her guilty plea on June 21, 2016. The trial court ordered a pre-sentence investigation report, and on September 7, 2016,

imposed concurrent sentences in the standard range, resulting in an aggregate sentence of six month to two year's less one day of incarceration.[2]

On September 19, 2016, Appellant filed a post-sentence motion for reconsideration of sentence, which the trial court denied on September 22, 2016. Appellant filed a notice of appeal on October 5, 2016. This Court dismissed the appeal on March 22, 2017 for failure of counsel to file a brief. Appellant then filed a petition pursuant to the Post Conviction Relief Act, which resulted in the trial court reinstating her direct appeal rights on September 26, 2017. Appellant filed this appeal on October 12, 2017. Both Appellant and the trial court have complied with Pa.R.A.P. 1925.

Appellant presents a single issue for our review:

> Whether Appellant's sentence was unfair and excessive in light of several mitigating factors?

Appellant's Brief at 4.

Appellant challenges the discretionary aspects of her sentence, asserting that her sentence is excessive in light of mitigating factors. *Id.* at 9-13. Specifically, Appellant argues that the trial court failed to consider her numerous physical ailments and mental health issues, as well as the fact that

_____

[2] The court sentenced Appellant to concurrent sentences of six months to two years less one day for forgery, theft by unlawful taking, the first count of access device fraud, and attempted theft by unlawful taking. The court also imposed a concurrent sentence of two months to one year for the second count of access device fraud. Appellant's convictions of theft by unlawful taking and receiving stolen property merged for sentencing purposes.

her son was killed in a home invasion one month prior to sentencing, and "she would not receive appropriate counseling while being housed in the prison." *Id.* at 10-11. Appellant contends that both her physical and mental health needs cannot be met while she is incarcerated. *Id.*

Preliminarily, we recognize that "[t]he right to appellate review of the discretionary aspects of a sentence is not absolute, and must be considered a petition for permission to appeal." *Commonwealth v. Buterbaugh*, 91 A.3d 1247, 1265 (Pa. Super. 2014), *appeal denied*, 104 A.3d 1 (Pa. 2014). "An appellant must satisfy a four-part test to invoke this Court's jurisdiction when challenging the discretionary aspects of a sentence." *Id.* We conduct this four-part test to determine whether:

> (1) the appellant preserved the issue either by raising it at the time of sentencing or in a post[-]sentence motion; (2) the appellant filed a timely notice of appeal; (3) the appellant set forth a concise statement of reasons relied upon for the allowance of his appeal pursuant to Pa.R.A.P. 2119(f); and (4) the appellant raises a substantial question for our review.

*Commonwealth v. Baker*, 72 A.3d 652, 662 (Pa. Super. 2013) (citation omitted), *appeal denied,* 86 A.3d 231 (Pa. 2014).

Appellant preserved her discretionary aspects of sentencing claim by raising it in a post-sentence motion. Appellant's Motion for Reconsideration of Sentence, 9/22/16. She also filed a timely notice of appeal and included in her appellate brief a concise statement of the reasons relied upon for the allowance of appeal pursuant to Pa.R.A.P. 2119(f). *See* Appellant's Brief at 8. Thus, we must determine whether Appellant has raised a substantial

question. An appellant presents a substantial question when she "sets forth a plausible argument that the sentence violates a provision of the sentencing code or is contrary to the fundamental norms of the sentencing process." ***Commonwealth v. Dodge***, 77 A.3d 1263, 1268 (Pa. Super. 2013) (citation omitted), ***appeal denied***, 91 A.3d 161 (Pa. 2014).

Appellant argues that her sentence is excessive and the trial court failed to consider mitigating factors when it sentenced her. "[T]his Court has held on numerous occasions that a claim of inadequate consideration of mitigating factors does not raise a substantial question for our review." ***Commonwealth v. Disalvo***, 70 A.3d 900, 903 (Pa. Super. 2013) (citations omitted). However, this Court likewise has held "that an excessive sentence claim—in conjunction with an assertion that the court failed to consider mitigating factors—raises a substantial question." ***Commonwealth v. Raven***, 97 A.3d 1244, 1253 (Pa. Super. 2014) (citing ***Commonwealth v. Perry***, 883 A.2d 599, 602 (Pa. Super. 2005)). In view of ***Raven***, we turn to the merits of Appellant's claim.

Our standard of review is well settled:

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

***Commonwealth v. Grays***, 167 A.3d 793, 816 (Pa. Super. 2017) (citation omitted), ***appeal denied***, 2018 WL 319345.

Section 9721(b) of the Sentencing Code, pertaining to sentencing generally, provides in pertinent part:

> **(b) General standards.—**. . . the court shall follow the general principle that the sentence imposed should call for confinement that is consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant. . . . In every case in which the court imposes a sentence for a felony or misdemeanor, modifies a sentence, resentences an offender following revocation of probation, county intermediate punishment or State intermediate punishment or resentences following remand, the court shall make as a part of the record, and disclose in open court at the time of sentencing, a statement of the reason or reasons for the sentence imposed.

42 Pa.C.S.A. § 9721(b). Nevertheless, "[a] sentencing court need not undertake a lengthy discourse for its reasons for imposing a sentence or specifically reference the statute in question, but the record as a whole must reflect the court's reasons and its meaningful consideration of the facts of the crime and the character of the offender." *Commonwealth v. Crump*, 995 A.2d 1280, 1283 (Pa. Super. 2010) (citation omitted), *appeal denied*, 13 A.3d 475 (Pa. 2010).

Our review of the discretionary aspects of a sentence is informed by the statutory mandates of 42 Pa.C.S.A. § 9781(c) and (d). Subsection 9781(c) provides:

> The appellate court shall vacate the sentence and remand the case to the sentencing court with instructions if it finds:
>
> > (1) the sentencing court purported to sentence within the sentencing guidelines but applied the guidelines erroneously;

- 6 -

> (2) the sentencing court sentenced within the sentencing guidelines but the case involves circumstances where the application of the guidelines would be clearly unreasonable; or
>
> (3) the sentencing court sentenced outside the sentencing guidelines and the sentence is unreasonable.
>
> In all other cases the appellate court shall affirm the sentence imposed by the sentencing court.

42 Pa.C.S.A. § 9781(c).

> Further, in reviewing the record, we must have regard for:
>
> (1) The nature and circumstances of the offense and the history and characteristics of the defendant.
>
> (2) The opportunity of the sentencing court to observe the defendant, including any presentence investigation.
>
> (3) The findings upon which the sentence was based.
>
> (4) The guidelines promulgated by the commission.

42 Pa.C.S.A. § 9781(d).

Upon review of the record as a whole, we conclude that the trial court did not abuse its discretion in sentencing Appellant. The trial court had the benefit of a presentence investigation report. *See, e.g., Commonwealth v. Downing*, 990 A.2d 788, 794 (Pa. Super. 2010) ("Our Supreme Court has determined that where the trial court is informed by a pre-sentence report, it is presumed that the court is aware of all appropriate sentencing factors and considerations, and that where the court has been so informed, its discretion should not be disturbed."). Moreover, the notes of testimony from the

sentencing hearing reveal that Appellant's counsel voiced all of the same mitigating factors Appellant reiterates in her brief, such as her age, details of her physical and mental medical conditions, and family circumstances — including the murder of her son. *See* N.T., 9/7/16, at 4-7. Appellant's counsel requested a mitigated range sentence. *Id.* at 3. Conversely, the Commonwealth requested a sentence in the aggravated range, stating that Appellant "is a conartist – a career conartist . . . [which] is clearly evident from her record . . . ." *Id.* at 8. Recognizing Appellant's health concerns, the Commonwealth stated that "the best place for her would be in a State correctional institute where they have the medical facilities to handle her problems. . . . It is fair because of the danger she poses to society . . . ." *Id.* at 12.

> The trial court subsequently addressed Appellant:
>
> I'm not going to give you a State sentence — I don't know that your record alone says . . . you are a career criminal. . . . But I slated some time — and I don't think house arrest is appropriate either. . . . Because I thought, okay, you did this. I was bothered by the fact that you didn't say, hey, I did this debit card at the same time you were admitting to the checks, but at least you [eventually] admitted it.

*Id.* at 13. The court continued:

> You need to know where I am. I am not sending you to the State pen. I respectfully disagree with [the Commonwealth's] assessment of your prior record. I do agree that you might say anything you can think of to get out of trouble. I think I agree with that wholeheartedly.

*Id.* at 17.

Ultimately, the court explained:

> This Court finds that the sentences imposed on [Appellant] were all within the standard sentencing guideline ranges . . . The Court did not impose a lesser sentence on [Appellant] because [Appellant] lied to police several times regarding her involvement in the crime before finally admitting her guilt. Further, the victim was an elderly woman with diminished health, and [Appellant] knew this and preyed on her. . . Based on [Appellant's] Presentence Investigation Report, the Court is aware that [Appellant] has been diagnosed with bipolar disorder and is manic depressive. The Court is also aware that she takes between 15-20 medications a day for these conditions. There has been no evidence provided that [Appellant's] medical conditions prevent her from being able to serve her sentence at Lebanon County Correctional Facility.

Trial Court Opinion, 11/8/17, at 6.

The record supports the trial court's reasoning. Accordingly, we find no support for Appellant's claim that the trial court abused its discretion by imposing an excessive sentence without regard for mitigating factors.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 03/21/2018