J-S18025-18

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MELISSA RENEE FERRINGER, | : | |
| | : | |
| Appellant | : | No. 1254 WDA 2017 |

Appeal from the Judgment of Sentence July 21, 2017
in the Court of Common Pleas of Erie County
Criminal Division at No(s): CP-25-CR-0001503-2017,
CP-25-CR-0003628-2016

BEFORE: STABILE, J., MUSMANNO, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY MUSMANNO, J.: FILED MAY 25, 2018

Melissa Renee Ferringer ("Ferringer") appeals from the judgments of sentence imposed following her no contest plea to conspiracy to commit possession with intent to deliver a controlled substance ("PWID") and criminal use of a communication facility at 3628-2016, and guilty plea to one count of PWID at 1503-2017.[1] We affirm.

At 3628-2016, Ferringer was charged with conspiracy to commit PWID and criminal use of a communication facility, where she and another person agreed to deliver heroin to an undercover officer. While on bail at 3628-2016, Ferringer was charged with two counts of PWID at 1503-2017, arising out of her arrest while possessing crack cocaine and suboxone.

_____

[1] 18 Pa.C.S.A. § 903; 18 Pa.C.S.A. § 7512(a); 35 P.S. § 780-113(a)(30).

On June 7, 2017, Ferringer pled no contest to conspiracy to commit PWID and criminal use of a communication facility at 3628-2016. On July 6, 2017, Ferringer pled guilty to one count of PWID at 1503-2017.

On July 21, 2017, at 3628-2016, the trial court sentenced Ferringer to an aggregate prison term of 15-30 months, followed by five years' probation. At 1503-2017, the trial court imposed a sentence of 3-6 months, followed by one year of probation.[2] The sentences were ordered to be served consecutively. On July 31, 2017, Ferringer filed a Motion for Reconsideration/Modification of Sentence, which the trial court denied. Ferringer filed a timely Notice of Appeal.

On appeal, Ferringer raises the following question for our review: "Did the trial court commit an abuse of discretion by relying on an impermissible factor, namely, uncharged criminal conduct, while fashioning [Ferringer's] sentences?" Brief for Appellant at 9.

Ferringer challenges the discretionary aspects of her sentence. "Challenges to the discretionary aspects of sentencing do not entitle an appellant to review as of right." Commonwealth v. Moury, 992 A.2d 162, 170 (Pa. Super. 2010). Prior to reaching the merits of a discretionary sentencing issue,

_____

[2] The trial court initially sentenced Ferringer to 12-24 months in prison at 1503-2017. However, the court issued an amended sentencing Order reducing the prison sentence to 3-6 months.

> [this Court conducts] a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, see Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, see Pa.R.Crim.P. [720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

> * * *

> The determination of what constitutes a substantial question must be evaluated on a case-by-case basis. A substantial question exists only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process.

*Moury*, 992 A.2d at 170 (quotation marks and some citations omitted).

Here, Ferringer filed a timely Notice of Appeal, raised her sentencing claim in the Motion for Reconsideration/Modification of Sentence, and included a Rule 2119(f) Statement in her brief. Further, Ferringer's claim that the sentencing court considered uncharged and unsubstantiated criminal conduct when formulating Ferringer's sentences raises a substantial question. See *Commonwealth v. Simpson*, 829 A.2d 334, 338 (Pa. Super. 2003) (holding that an appellant's claim that the sentencing court relied upon impermissible factors when sentencing raises a substantial question). Thus, we will review Ferringer's claims.

Our standard of review is as follows:

> Sentencing is vested in the discretion of the trial court, and will not be disturbed absent a manifest abuse of that discretion. An abuse of discretion involves a sentence which was manifestly

- 3 -

unreasonable, or which resulted from partiality, prejudice, bias, or ill will. It is more than just an error in judgment.

Commonwealth v. Downing, 990 A.2d 788, 792-93 (Pa. Super. 2010) (citation omitted).

> When imposing a sentence, a court is required to consider the particular circumstances of the offense and the character of the defendant. In considering these factors, the court should refer to the defendant's prior criminal record, age, personal characteristics and potential for rehabilitation. It must be demonstrated that the court considered the statutory factors enunciated for determination of sentencing alternatives, and the sentencing guidelines. Additionally, the court must impose a sentence which is consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and the community, and the rehabilitative needs of the defendant.

Commonwealth v. McClendon, 589 A.2d 706, 712 (Pa. Super. 1991) (internal citations and quotation marks omitted). A defendant's "prior criminal conduct for which [she] escaped prosecution has long been an acceptable sentencing consideration. However, this type of conduct can be used as a sentencing factor only under tightly-prescribed circumstances when there is evidentiary proof linking the defendant to the conduct." Commonwealth v. P.L.S., 894 A.2d 120, 130 (Pa. Super. 2006).

Ferringer contends that the trial court fashioned her sentences based on her uncharged criminal conduct, which lacked sufficient evidence on the record in support. Brief for Appellant at 22-24. In support, Ferringer points to the trial court's comments at sentencing that the court knew Ferringer dealt drugs

to teenagers in the past and that Ferringer had been avoiding criminal prosecution for a long time. Id. at 22-23.

Initially, the trial court does not specifically state that it considered uncharged conduct in imposing the sentences. See Commonwealth v. Smithton, 631 A.2d 1053, 1057 (Pa. Super. 1993) (stating that in assessing for abuse of discretion, "[i]t is not enough that a trial court simply entertained impermissible evidence in its deliberations. Thus, a sentence must be vacated only where it reasonably appears from the record that the trial court relied in whole or in part upon such an impermissible factor.") (quotation marks, citations, and brackets omitted).

Additionally, even if the trial court had considered impermissible evidence, the record reflects that the trial court relied on a variety of other factors in imposing Ferringer's sentences. See Commonwealth v. Sheller, 961 A.2d 187, 192 (Pa. Super. 2008) (stating that "[e]ven if a sentencing court relies on a factor that should not have been considered, there is no abuse of discretion when the sentencing court has significant other support....."). The trial court considered Ferringer's lengthy criminal history, the sentencing guidelines, and statements by Ferringer's counsel. See N.T., 7/21/17, at 6-7, 9. Additionally, the trial court considered the fact that Ferringer was a repeat offender within a short period of time. Id. at 13. Moreover, the trial court had the benefit of a presentence investigation report. See id. at 6.; see also Downing, 990 A.2d at 794 (stating that "where the

trial court is informed by a pre-sentence report, it is presumed that the court is aware of all appropriate sentencing factors and considerations, and that where the court has been so informed, its discretion should not be disturbed.") (quotation marks and citations omitted).

Finally, each of Ferringer's sentences are at the low end of the standard guidelines range, or within the mitigated range, and the trial court had discretion in imposing consecutive sentences. See Commonwealth v. Mouzon, 828 A.2d 1126, 1130 (Pa. Super. 2003) (stating that "[i]n setting sentence, a court has discretion … to run the sentence concurrently with or consecutively to other sentences being imposed.").

Thus, we conclude that the trial court did not abuse its discretion in imposing Ferringer's sentences.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date:  5/25/2018