J. S84035/18

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| LLOYD RICHARDSON, | : | No. 3817 EDA 2017 |
| | : | |
| Appellant | : | |

Appeal from the Judgment of Sentence, November 21, 2017,
in the Court of Common Pleas of Philadelphia County
Criminal Division at Nos. CP-51-CR-0002838-2016,
CP-51-CR-0002839-2016

BEFORE:  BENDER, P.J.E., OTT, J., AND FORD ELLIOTT, P.J.E.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:      **FILED MARCH 08, 2019**

Lloyd Richardson appeals from the November 21, 2017 judgment of sentence entered by the Court of Common Pleas of Philadelphia County following his conviction of two counts of attempted murder and one count of persons not to possess firearms.[1]  After careful review, we affirm.

The trial court set forth the following factual and procedural history:

> On December 31, 2015, at around 4:19 P.M., Joanna Colon and her mother, Maria Del Carmen Ramos, were parking their vehicle when Ms. Colon heard gunshots and noticed that her passenger window was broken.  She stepped out of the car and observed [appellant], whom she knows as her neighbor, shooting at her with a shotgun from his porch at 4433 North 7th Street.  Ms. Colon was then shot in the neck and shoulder and saw that her mother had been shot inside the vehicle.

---

[1] 18 Pa.C.S.A. §§ 901(a) and 6105(a), respectively.

Shortly after, officers responded to a radio call for a person shooting a gun on 4400 North 7th Street in Philadelphia. Upon arrival, police observed Ms. Colon, suffering from gunshot wounds to her face, neck, and shoulder. Police also observed Ms. Ramos, suffering from gunshot wounds to her right shoulder. While both victims were transported to the hospital, the police officers were directed to the property of North 7th Street by a man who stated that his son, [appellant], shot the two women and was currently inside of that property. Three police officers went to that property and saw a shotgun inside of a case, along with several shotgun shells lying on the floor of the porch area. Police officers were met by a witness, Angelita Pagan, who told the police that her husband, [a]ppellant, fired the shotgun at Ms. Ramos and Ms. Colon. The witness explained that [a]ppellant thought his two victims were "someone else."

Police observed [appellant] sitting inside the living room of the property. Appellant was placed into custody, where he was positively identified by Ms. Ramos as the male that shot them both from the porch of 4433 North 7th Street. Appellant was then taken into custody and processed.

Trial court opinion, 5/1/18 at 2-3 (citations omitted).

On April 11, 2017, [a]ppellant entered an open guilty plea to two counts of Criminal Attempt – Murder and one count of [persons not to possess firearms]. Sentencing was deferred for a Presentence Investigation Report ("PSI") and mental health evaluation.

On September 8, 2017, [a]ppellant was sentenced to an aggregate term of eighteen and one-half to thirty-seven years of incarceration for the case docketed at No. 2838 CR 2016. Appellant was sentenced to fifteen to thirty years on attempted murder and a consecutive three and one-half to seven years on [persons not to possess firearms].

This sentence was ordered to run concurrent to a twenty to forty year sentence on the case docketed at No. 2839 CR 2016.

On September 15, 2017, [a]ppellant filed a motion to reconsider sentence. On November 21, 2017, the [trial] court denied [a]ppellant's motion as it related to docket No. 2838. However, upon reconsideration, [a]ppellant's sentence for docket No. 2839 was reduced to fifteen to thirty years [on November 21, 2017]. The sentences were ordered to run concurrently. In addition, mental health treatment was ordered.

*Id.* at 1-2 (citations omitted).

On November 21, 2017, appellant filed a notice of appeal to this court. The trial court, on November 28, 2017, ordered appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). After receiving an extension of time from the trial court, appellant filed a Rule 1925(b) statement on March 12, 2018. On May 1, 2018, the trial court filed an opinion pursuant to Pa.R.A.P. 1925(a).

Appellant raises the following issue for our review:

Whether the trial court abused its discretion in imposing a manifestly excessive cumulative aggregate sentence of eighteen and one-half (18½) to thirty-seven (37) years, that was grossly disproportionate to the gravity of the offense, [a]ppellant's rehabilitative needs, and the protection of the community, thereby violating the fundamental norms of sentencing?

Appellant's brief at 4.

In his sole issue on appeal, appellant contends that his aggregate sentence of 18½ to 37 years' imprisonment was harsh and excessive.

Specifically, appellant's challenge to the discretionary aspects of sentence is on the grounds that the trial court failed to consider his mitigating circumstances, including appellant's post-traumatic stress disorder, limited criminal history, and appellant's expression of remorse at sentencing. (*Id.* at 16-17.)

> [T]he proper standard of review when considering whether to affirm the sentencing court's determination is an abuse of discretion. . . . [A]n abuse of discretion is more than a mere error of judgment; thus, a sentencing court will not have abused its discretion unless the record discloses that the judgment exercised was manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will. In more expansive terms, our Court recently offered: An abuse of discretion may not be found merely because an appellate court might have reached a different conclusion, but requires a result of manifest unreasonableness, or partiality, prejudice, bias, or ill-will, or such lack of support so as to be clearly erroneous.
>
> The rationale behind such broad discretion and the concomitantly deferential standard of appellate review is that the sentencing court is in the best position to determine the proper penalty for a particular offense based upon an evaluation of the individual circumstances before it.
>
> [**Commonwealth v.**] **Walls**, [926 A.2d 957,] 961 [(Pa. 2007)] (internal citations omitted).
>
> Challenges to the discretionary aspects of sentencing do not entitle an appellant to review as of right.

> *Commonwealth v. Sierra*, 752 A.2d 910, 912 (Pa.Super. 2000). An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test:
>
> > [W]e conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. [720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).
>
> *Commonwealth v. Evans*, 901 A.2d 528, 533 (Pa.Super. 2006), *appeal denied*, [] 909 A.2d 303 ([Pa.] 2006) (internal citations omitted). Objections to the discretionary aspects of a sentence are generally waived if they are not raised at the sentencing hearing or in a motion to modify the sentence imposed. *Commonwealth v. Mann*, 820 A.2d 788, 794 (Pa.Super. 2003), *appeal denied*, [] 831 A.2d 599 ([Pa.] 2003).
>
> The determination of what constitutes a substantial question must be evaluated on a case-by-case basis. *Commonwealth v. Paul*, 925 A.2d 825, 828 (Pa.Super. 2007). A substantial question exists "only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." *Sierra*, *supra* at 912-13.
>
> As to what constitutes a substantial question, this Court does not accept bald assertions of sentencing errors. *Commonwealth v. Malovich*, 903 A.2d

> 1247, 1252 (Pa.Super. 2006). An appellant must articulate the reasons the sentencing court's actions violated the sentencing code. ***Id.***

***Commonwealth v. Moury***, 992 A.2d 162, 169-170 (Pa.Super. 2010).

Here, we begin our analysis by determining whether appellant has complied with the procedural requirements of challenging his sentence. First, appellant timely filed his notice of appeal pursuant to Pa.R.A.P. 902 and 903. Appellant, however, failed to file a post-sentence motion after he was re-sentenced on November 21, 2017. We nonetheless find that appellant has adequately preserved this issue on appeal because the purpose of a post-sentence motion has been satisfied. ***See Commonwealth v. Corley***, 31 A.3d 293, 297 (Pa.Super. 2011) (finding that when a trial court has an opportunity to modify a defendant's sentence and does so, an appellant need not file an additional post-sentence motion).

We must now determine whether appellant has raised a substantial question. We have specifically held that an averment that the trial court failed to adequately consider mitigating circumstances does not raise a substantial question. ***Commonwealth v. Downing***, 990 A.2d 788, 794 (Pa.Super. 2010), citing ***Commonwealth v. Matroni***, 923 A.2d 444, 455 (Pa.Super. 2007), ***appeal denied***, 952 A.2d 675 (Pa. 2008). Additionally, the trial court had the benefit of a pre-sentence report. "Where the sentencing judge had the benefit of a pre-sentence report, it will be presumed that he was aware of relevant information regarding appellant's

character and weighed those considerations along with the mitigating statutory factors." ***Commonwealth v. Conte***, ___ A.3d ___, 2018 WL 5666923 at *5 (Pa.Super. 2018), quoting ***Commonwealth v. Fullin***, 892 A.2d 843, 849-850 (Pa.Super. 2006). We therefore find that appellant fails to raise a substantial question.

Accordingly, we do not have jurisdiction to consider the merits of appellant's appeal of the discretionary aspects of his sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/8/19