J-S82033-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA,   :   IN THE SUPERIOR COURT OF
  :   PENNSYLVANIA
         Appellee   :
  :
       v.   :
  :
DANIEL DAMIAN TUCKER, JR.,   :
  :
         Appellant   :   No. 1151 EDA 2018

Appeal from the Judgment of Sentence February 26, 2018
in the Court of Common Pleas of Montgomery County
Criminal Division at No(s): CP-46-CR-0003001-2017

BEFORE: LAZARUS, J., OLSON, J. and STRASSBURGER, J.*

MEMORANDUM BY STRASSBURGER, J.:        **FILED MARCH 12, 2019**

Daniel Damian Tucker, Jr. (Appellant) appeals from the judgment of sentence after he was found guilty of four counts of robbery and one count of conspiracy to commit robbery. We affirm.

On April 3, 2017, at approximately 11:50 p.m., Appellant and three co-conspirators committed a home invasion robbery at a residence on County Line Road in Lower Moreland Township. While his cohorts robbed, beat, and restrained several victims in the home, Appellant, entering through an unlocked rear door, pointed a black handgun, later identified as an airsoft pellet gun, at Keith Davis. Appellant and his co-conspirators stole a black steel trunk box containing prescription medication and also took several bottles of alcohol from a cabinet in the dining room. ***See*** Trial Court Opinion, 6/11/2018, at 1-3 (citing the facts presented by the Commonwealth

---

* Retired Senior Judge assigned to the Superior Court

at Appellant's stipulated non-jury trial). Eventually, all four assailants were identified and admitted they had committed the home invasion.

Appellant proceeded to a stipulated non-jury trial and was found guilty of the aforementioned crimes. On February 26, 2018, Appellant was sentenced to an aggregate term of 14 to 30 years' imprisonment.[1] Appellant thereafter timely filed a post-sentence motion and, following its denial, a notice of appeal.[2]

Appellant presents one question for our review: "Was [Appellant's] sentence manifestly excessive?" Appellant's Brief at 2. "Specifically, the sentence imposed far surpasses that required to protect the public and failed to address the rehabilitative needs of [Appellant]." *Id.* at 9. Appellant's claim implicates the discretionary aspects of his sentence.

> An appellant is not entitled to the review of challenges to the discretionary aspects of a sentence as of right. Rather, an appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction. We determine whether the appellant has invoked our jurisdiction by considering the following four factors:
>
> > (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a

---

[1] Specifically, the trial court sentenced Appellant to 4 to 10 years' incarceration for conspiracy to commit robbery. Appellant's sentences at counts three and four of 5 to 10 years' incarceration for robbery were both to run consecutive to each other and to Appellant's sentence for conspiracy. Appellant received concurrent sentences at counts five and six that did not affect the aggregate term of imprisonment imposed by the trial court.

[2] Both Appellant and the trial court complied with Pa.R.A.P. 1925

motion to reconsider and modify sentence, *see* Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.[] § 9781(b).

*Commonwealth v. Samuel*, 102 A.3d 1001, 1006-07 (Pa. Super. 2014) (some citations omitted).

Here, Appellant timely filed a notice of appeal and a post-sentence motion. However, our review of the record reveals that Appellant did not present this issue in a post-sentence motion or at sentencing. With respect to the averments and arguments in his post-sentence motion, Appellant stated the following:

It is [Appellant's] position that the trial court should reconsider [Appellant's] sentence given his age, education, upbringing, remorse in his allocution, remorse in his statement in the [pre-sentence investigation (PSI) report] and cooperation with law enforcement at the time of his arrest. [Appellant] asserts that the trial court should reconsider the weight given to [Appellant's] circumstances as presented at the time of sentencing.

Post-Sentence Motion, 8/2/2017, at ¶¶ 4-5. Furthermore, our review of the transcript does not reveal that Appellant preserved the issue now presented on appeal at sentencing. *See* N.T., 2/26/2018, at 51-52.

Because Appellant's discretionary-aspects-of-sentencing claim on appeal was not presented in his post-sentence motion, we conclude that Appellant has not preserved this issue for our review, and he is not entitled

to relief.[3] **See Commonwealth v. Rhoades**, 8 A.3d 912, 915 (Pa. Super. 2010) (stating that an appellant waives for appeal issues challenging the discretionary aspects of his sentence where he does not raise them at sentencing or in a post-sentence motion).

Accordingly, we affirm the judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/12/19

---

[3] To the extent Appellant attempts to argue on appeal the sentencing claim he preserved in his post-sentence motion, namely, that the trial court should reweigh the various sentencing factors based on the mitigating evidence presented, we find Appellant has failed to raise a substantial question. **See Commonwealth v. Disalvo**, 70 A.3d 900, 903 (Pa. Super. 2013) ("[T]his Court has held on numerous occasions that a claim of inadequate consideration of mitigating factors does not raise a substantial question for our review.") (quoting **Commonwealth v. Downing**, 990 A.2d 788, 794 (Pa. Super. 2010)). **See also Commonwealth v. Zirkle**, 107 A.3d 127, 133 (Pa. Super. 2014) ("[W]e have held that a claim that a court did not weigh the factors as an appellant wishes does not raise a substantial question.").

Moreover, the trial court had the benefit of a PSI report. "Where the [] court had the benefit of a [PSI report], we can assume the [trial] court 'was aware of relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors.'" **Commonwealth v. Griffin**, 65 A.3d 932, 937 (Pa. Super. 2013) (quoting **Commonwealth v. Devers**, 546 A.2d 12, 18 (Pa. 1988)). This is especially true when the trial court, as it did in this case, specifically acknowledged the mitigating evidence present but nonetheless determined that the sentence imposed was appropriate for the reasons given. N.T., 2/26/2018, at 47-51.