J-S40039-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
JAY BENNIE SCOTT :
:
Appellant : No. 241 WDA 2019

Appeal from the Judgment of Sentence Entered January 9, 2019
In the Court of Common Pleas of Mercer County Criminal Division at
No(s): CP-43-CR-0000467-2018

BEFORE: BENDER, P.J.E., McLAUGHLIN, J., and PELLEGRINI*, J.

MEMORANDUM BY PELLEGRINI, J.: **FILED AUGUST 06, 2019**

Jay Bennie Scott (Scott) appeals from the aggregate judgment of

sentence by the Court of Common Pleas of Mercer County (sentencing court)

entered after a guilty plea to Indecent Assault and Corruption of Minors.[1]

Scott's sole issue implicates the discretionary aspects of sentence. We affirm.

It is well-settled that "[c]hallenges to the discretionary aspects of

sentencing do not entitle an appellant to review as of right." ***Commonwealth***

***v. Derry***, 150 A.3d 987, 991 (Pa. Super. 2016) (citation omitted). Rather,

before reaching the merits of such claims, we must determine:

> (1) whether the appeal is timely; (2) whether Appellant preserved
> his issue; (3) whether Appellant's brief includes a concise
> statement of the reasons relied upon for allowance of appeal with

---

[1] 18 Pa.C.S. §§ 3126(a)(7), 6301(a)(1)(ii). Both offenses are third-degree
felonies.

---

\* Retired Senior Judge assigned to the Superior Court.

respect to the discretionary aspects of sentence; and (4) whether the concise statement raises a substantial question that the sentence is appropriate under the sentencing code.

*Commonwealth v. Edwards*, 71 A.3d 323, 329-330 (Pa. Super. 2013) (citation omitted).

Scott filed a timely notice of appeal, properly preserved his claim by filing a post-sentence motion for reconsideration, and includes a concise statement of the reasons relied upon for allowance of appeal under Pa.R.A.P. 2119(f). The only issue remaining then is whether Scott has raised a substantial question that the sentence is not appropriate under the Sentencing Code.

The determination of what constitutes a substantial question must be evaluated on a case-by-case basis. A substantial question exists only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process.

*Commonwealth v. Ali*, 197 A.3d 742, 760 (Pa. Super. 2018) (internal citations and quotations omitted).

The sentencing court ordered Scott to serve one to five years' imprisonment for Indecent Assault and a consecutive five years' probation for Corruption of Minors. Because he had no prior record and the offenses having offense gravity scores of six, Scott's guideline sentencing range was three – twelve months for each offense. *See* 204 Pa. Code. § 303.16(a) (basic sentencing matrix). Scott's claim is that his sentence was unreasonable in light of his lack of criminal record and his low intellectual functioning and

medical conditions. However, this claim is simply an alternative way of stating that the sentencing court failed to give adequate weight to mitigating factors, which does not raise a substantial question for our review. ***See Commonwealth v. Downing***, 990 A.2d 788, 794 (Pa. Super. 2010) ("[T]his Court has held on numerous occasions that a claim of inadequate consideration of mitigating factors does not raise a substantial question for our review.").

Where, as here, the sentencing court has the benefit of reviewing a pre-sentence investigation report, "we can assume the sentencing court was aware of relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors." ***Commonwealth v. Rhoades,*** 8 A.3d 912, 919 (Pa. Super. 2010) (internal quotations and citation omitted). Because there is no substantial question regarding his sentence, Scott is not entitled to appeal the discretionary aspects of his sentence.

Even if we were to reach the merits of Scott's claim, we would find no abuse of discretion. As stated above, the sentencing court imposed a sentence within the guidelines for Indecent Assault because the minimum sentence was one year and a mitigated sentence for Corruption of Minors because Scott received five years' probation.

> [A] defendant **may** raise a substantial question where he receives consecutive sentences within the guideline ranges if the case involves circumstances where the application of the guidelines would be clearly unreasonable, resulting in an excessive sentence.

*Commonwealth v. Dodge*, 77 A.3d 1263, 1270 (Pa. Super. 2013).

After hearing from both the victim and her mother, the sentencing court made the following statement:

> These are very difficult cases for the Court. The offense is very serious. There is a great impact on the victim, as we have heard today. There's a great impact on the community for these kinds of offenses. Everyone in the community, their most precious thing to them is their children, their children's safety. And when that safety is violated, as it was in this case, the impact on the community at large is great. I have to determine the need to protect the community. Certainly, my number one priority is to see that this victim is never bothered by this man again, but also that any other child is safe from him.
>
> I also have to consider his rehabilitative needs. So there's a lot that I to have to weigh, pro and con, in these matters. Unfortunately, when someone commits an offense like this, there's many victims, not just the victim herself and her family; but the Defendant's family has to go through an awful lot, as well. And I appreciate the fact that the Defendant's family is supportive.
>
> Therefore, I am going to impose a sentence that probably everyone here, the Commonwealth, the victim, and the Defendant won't be happy with. But it is one after I balance all of the pros and cons, the various factors, the competing interests, I believe is fair.

N.T., 1/7/19, at 17-18.

This discussion establishes that the sentencing court balanced the seriousness of the offense against Scott's rehabilitative needs. *See* 42 Pa.C.S. § 9721(b) ("[T]he court shall follow the general principle that the sentence imposed should call for confinement that is consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the

- 4 -

defendant."). Based on our review per 42 Pa.C.S. § 9781(d), the sentencing court's application of the guidelines was not clearly unreasonable.

Judgment of sentence affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 8/6/2019