**COMMONWEALTH of Pennsylvania, Appellee**

v.

**Jamar DOWNING, Appellant.**

Superior Court of Pennsylvania.

Submitted Jan. 4, 2010.
Filed Feb. 23, 2010.

---

Karl Baker, Public Defender, Philadelphia, for appellant.

Hugh J. Burns, Jr., Asst. Dist. Atty., Philadelphia, for the Com., appellee.

BEFORE: STEVENS, SHOGAN, and COLVILLE *, JJ.

OPINION BY STEVENS, J.:

¶ 1 This is an appeal from the judgment of sentence entered in the Court of Common Pleas of Philadelphia County following Appellant's conviction on the charges of carrying a firearm without a license, 18 Pa.C.S.A. § 6106, and carrying a firearm on the public streets of Philadelphia, 18 Pa.C.S.A. § 6108. On appeal, Appellant challenges the discretionary aspects of his sentence. Specifically, Appellant contends (1) the trial court abused its discretion in considering an improper factor in sentenc-

* Retired Senior Judge assigned to the Superior Court.

ing Appellant at the top of the aggravated range in that the trial court's finding that Appellant possessed the gun for a "criminal purpose" is not supported by the record, (2) the trial court abused its discretion in failing to consider Appellant's rehabilitative needs and the protection of society, and (3) the trial court abused its discretion in failing to consider Appellant's particular characteristics. We affirm.

¶ 2 The relevant facts and procedural history are as follows: Appellant was arrested and, at lower court docket number CP–51–CR–1300963–2006, Appellant was charged with, *inter alia*, robbery in connection with a gunpoint robbery occurring at a 7–Eleven on August 30, 2006. At lower court docket number CP–51–CR–1300964–2006, Appellant was charged with carrying a firearm without a license and carrying a firearm on a public street of Philadelphia. These charges arose from Appellant's activities, which occurred on August 31, 2006, when the police stopped a car, in which Appellant was a front-seat passenger, for a traffic violation. The police recovered a loaded handgun from underneath the front passenger seat.

¶ 3 The charges were consolidated, and on February 12, 2007, Appellant, who was represented by counsel, proceeded to a jury trial. At trial, Police Officer Maria Torres testified that, during the early morning hours of August 31, 2006, she was keeping a "close eye" on the 7–Eleven at Bustleton and Knorr since the 7–Eleven on Rising Sun Avenue had been robbed on August 30, 2006. N.T. 2/13/07 at 41. Outside of the 7–Eleven, Officer Torres observed three black males, including Appellant. N.T. 2/13/07 at 43–44. Officer Torres observed as one of the men left his bicycle in a second man's care, while he went inside of the store, stood by the cash register, and "scanned around" the store. N.T. 2/13/07 at 43–45. Meanwhile, a wom-

an pulled into the parking lot and went inside of the store. N.T. 2/13/07 at 46. Officer Torres, who was in full uniform, went inside of the store, and the man who was "scanning around" left the store. N.T. 2/13/07 at 46–47. The woman, who made eye contact with the officer, purchased flowers and a soda, and left with the man who had been watching the bicycle. N.T. 2/13/07 at 48. During this activity, Appellant remained on the side of the store; however, before the woman pulled away in the car, he entered the car briefly, and then walked away from the store with the man who had been inside of the store "scanning around." N.T. 2/13/07 at 48–51. Officer Torres, who had written down the vehicle's license plate number on her hand, spoke with the cashier and then decided to look for the vehicle. N.T. 2/13/07 at 51–53. Approximately two and one-half blocks from the 7–Eleven, Officer Torres saw the vehicle at a gas station, with Appellant standing outside of the vehicle. N.T. 2/13/07 at 53–54. Appellant entered the front passenger seat of the vehicle, and Officer Torres observed the woman, who had been in the 7–Eleven, driving the vehicle. N.T. 2/13/07 at 55. After the woman committed traffic violations, the police stopped the vehicle and discovered a loaded gun beneath the front passenger seat where Appellant had been sitting. N.T. 2/13/07 at 56–66. The officer testified Appellant began yelling at the woman "Ms. Anna, Yo, why you gave me up. Yo, why you gave me up, and he was really, really mad." N.T. 2/13/07 at 70. Appellant did not have a license to carry a firearm. N.T. 2/13/07 at 71.

¶ 4 At the conclusion of all testimony, the jury acquitted Appellant of all charges, including the August 30, 2006 robbery, at lower court docket number CP–51–CR–1300963–2006; however, the jury convicted Appellant on the two August 31, 2006 Uniform Firearms Act violations at lower

court docket number CP–51–CR–1300964–2006. On March 30, 2007, Appellant proceeded to a sentencing hearing, at which the trial court had the benefit of a presentence investigation report. Defense counsel informed the sentencing court that Appellant has a "strong family background," he graduated from high school, he completed one year of community college, he worked at United Refrigeration from 2003–2005, and most recently, he worked at Holland Glenn Nursing Home. N.T. 3/30/07 at 5. Appellant had "academic potential," but discontinued his education due to financial hardship. N.T. 3/30/07 at 5. He became frustrated with his job at United Refrigeration because there was no room for advancement and he "fell in with the wrong crowd." N.T. 3/30/07 at 6.

¶ 5 The Commonwealth informed the sentencing court that Appellant has nine arrests, including open cases for murder, two robbery cases, and two assaults. N.T. 3/30/07 at 8. With regard to the charges related to the 7–Eleven robbery at docket number CP–51–CR–1300963–2006, for which Appellant was acquitted, the following exchange occurred during sentencing:

[DISTRICT ATTORNEY]: If Your Honor recalls the trial, there was another case attached to which he was acquitted. However, while the jury did not find that he was proved beyond a reasonable doubt, there was significant evidence that [Appellant] was a part of the robbery of the 7–Eleven on that evening.

THE COURT: Well, let me just be clear for the record. I am not going to take into account what happened at the 7–Eleven the day before for which he was acquitted.

However, I do believe I can take into account the circumstances under which he possessed a gun on the day of which he was convicted, which included very compelling evidence that he was casing the 7–Eleven with other people on that day. I do intend to take into account, but I am not going to take into account conduct for which he was acquitted by a jury.

N.T. 3/30/07 at 8–9 (bold in original).

¶ 6 The Commonwealth argued Appellant poses a significant threat to the community and his dissatisfaction with work was not justification to drive around with a loaded weapon. N.T. 3/30/07 at 9–10. Appellant requested that he be sentenced to county time so that he could be close to his mother and son. N.T. 3/30/07 at 11–12.

¶ 7 The trial court sentenced Appellant to an aggregate of three years to six years in prison and, in so doing, stated, in relevant part, the following:

THE COURT: [Appellant], the record is going to show certainly that I'm taking into account the evidence that was adduced at the trial of this case and the information that was presented during the sentencing hearing. I'm taking into account all the information in the presentence report.

I'm going to take into account the sentencing guidelines, which the law requires that I do. I believe that there are a number of aggravating factors in this case.

I also believe that the extent of your criminality is understated by your prior record score, that while you were a 0, that you have a significant arrest record of nine arrests, all for violent crimes, and the law permits me to take those arrests into account. I'm going to do that.

In addition, as I stated previously, while you told police that you had that gun for protection, I have no doubt in my mind that you had that gun for criminal purposes. And I think the evi

dence at trial showed that you were casing that 7–Eleven on the day for which you possessed the gun. So that is a significant aggravating factor. And, for that reason, I'm going to sentence you in the aggravated range of the sentencing guidelines.

N.T. 3/30/07 at 12–13 (bold in original).

¶ 8 On April 5, 2007, Appellant filed a counseled motion for reconsideration of sentence,[1] which the trial court denied on May 23, 2007. This timely appeal followed. The trial court directed Appellant to file a Pa.R.A.P. 1925(b) statement, and following Appellant's filing of a timely statement and court-permitted supplemental statement, the trial court filed a Pa. R.A.P. 1925(a) opinion.

¶ 9 Appellant first contends the trial court erred when it relied on an improper factor in sentencing Appellant at the top of the aggravated range. Specifically, Appellant contends the trial court's finding that Appellant possessed the gun for "criminal purposes" is not supported by the evidence, but rather, is a mischaracterization of the evidence.

¶ 10 Initially, we note that Appellant's claim challenges the discretionary aspects of sentencing. *See Commonwealth v. Scott*, 860 A.2d 1029 (Pa.Super.2004) (claim trial court relied on *ex parte* information not of record challenges discretionary aspects); *Commonwealth v. Druce*, 796 A.2d 321 (Pa.Super.2002), *affirmed*, 577 Pa. 581, 848 A.2d 104 (2004) (claim trial court relied on evidence not of record challenged discretionary aspects of sentencing). It is well settled that:

A defendant cannot appeal as of right from the discretionary aspects of a sentence. 42 Pa.C.S. § 9781(b). In order to appeal the discretionary aspects of a sentence, the defendant must set forth in his brief a statement of the reasons relied upon for allowance of appeal, and such statement must precede the defendant's argument on the merits. Pa. R.A.P. 2119(f). Further, the defendant's statement must raise a substantial question as to whether the court properly considered the sentencing guidelines.

*Commonwealth v. Matroni*, 923 A.2d 444, 454 (Pa.Super.2007) (citation and quotation omitted).

■ ¶ 11 Here, Appellant has included in his appellate brief a statement of reasons relied upon for allowance of appeal pursuant to Rule 2119(f). Thus, he has complied with the procedural requirements for a challenge to the discretionary aspects of his sentence. *See id.* Moreover, we conclude Appellant's claim the trial court relied on an improper factor raises a substantial question permitting review. *See Druce, supra* (contention trial court relied on matters not of record raised a substantial question); *Commonwealth v. Roden*, 730 A.2d 995 (Pa.Super.1999) (holding claim trial court relied on improper factor, i.e., adverse negative impact the appellant's crimes would have on working mothers who relied on babysitters, raised a substantial question). Thus, we turn to the merits of Appellant's claim.

[S]entencing is vested in the discretion of the trial court, and will not be disturbed absent a manifest abuse of that discretion. An abuse of discretion

---

1. We note that, although the certified docket contains an entry indicating Appellant filed a counseled motion for reconsideration on April 5, 2007, and the certified record contains the trial court's order denying the motion, the trial court failed to transmit a copy of the motion for reconsideration to this Court. The Commonwealth advocates waiver on the basis the certified record does not contain a copy of the motion for reconsideration. We decline to find waiver on this basis.

involves a sentence which was manifestly unreasonable, or which resulted from partiality, prejudice, bias or ill will. It is more than just an error in judgment. *Commonwealth v. Crork*, 966 A.2d 585, 590 (Pa.Super.2009) (quotation omitted).

A sentence is invalid if the record discloses that the sentencing court may have relied in whole or in part upon an impermissible consideration. This is so because the court violates the defendant's right to due process if, in deciding upon the sentence, it considers unreliable information, or information affecting the court's impartiality, or information that it is otherwise unfair to hold against the defendant.

*Commonwealth v. Karash*, 306 Pa.Super. 229, 452 A.2d 528, 528–29 (1982) (citations omitted). Simply put, "the evidence upon which a sentencing court relies must be accurate," *Commonwealth v. Pfender*, 373 Pa.Super. 102, 540 A.2d 543, 548 (1988) (quotation and quotation marks omitted), and there must be evidentiary proof of the factor, upon which the court relied. *See Commonwealth v. P.L.S.*, 894 A.2d 120 (Pa.Super.2006).

■ ¶ 12 In the case *sub judice*, Appellant contends there is no evidentiary support for the trial court's finding that, on August 31, 2006, Appellant possessed the loaded handgun for a "criminal purpose." Therefore, Appellant contends this factor should not have been used as an aggravating factor. In explaining how it arrived at the conclusion Appellant possessed the gun for "criminal purposes," the trial court explained as follows:

[Appellant] asserts that the court improperly relied upon an unproven finding that [Appellant] possessed the gun at issue for criminal purposes and lied to

the police when he said he was carrying it for protection.

\* \* \*

Here, the Court explicitly did not consider, in determining the sentence, any activity that occurred on August 30, 2006, since [Appellant] had been acquitted of all charges based on the activities on that day. (N.T. 3/30/07 at 9). However, the evidence adduced at trial established that on the following day, at approximately 3:00 a.m., [Appellant] and two other men were standing together outside a 7–Eleven. (N.T. 2/13/07 at 40–41, 43–44).[2] One of [Appellant's] companions entered the store, approached the register, and began scanning around the store, looking at the ceiling and elsewhere. (N.T. 2/13/07 at 45). When a police officer, in uniform, entered the store, all three men left the area immediately. (N.T. 2/13/07 at 47–50). [Appellant] was stopped shortly thereafter in possession of a loaded handgun, including a bullet in the chamber. (N.T. 2/13/07 at 55–59, 65–67, 70; N.T. 2/14/07 at 11–12).

Trial Court Opinion filed 11/2/07 at 3–4 (footnote in original).

¶ 13 We find no abuse of discretion in this regard and note that the trial court was permitted to consider all reasonable inferences derived from the evidence presented at trial. *See Druce, supra.*

■ ¶ 14 Appellant's next claim is that the trial court failed to consider Appellant's rehabilitative needs and the protection of society in fashioning Appellant's sentence. This claim is a challenge to the discretionary aspects of sentencing, and we conclude it raises a substantial question. *See Commonwealth v. Ventura*, 975 A.2d 1128 (Pa.Super.2009).

---

**2.** This was a different 7–Eleven that the one that had been robbed the day before in the

robbery for which [Appellant] had been acquitted.

¶ 15 42 Pa.C.S.A. § 9721(b) provides that:

> [T]he court shall follow the general principle that the sentence imposed should call for confinement that is consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant. . . .

42 Pa.C.S.A. § 9721(b). *See Ventura, supra.*

¶ 16 In the case *sub judice,* the trial court had the benefit of a pre-sentence report, and the trial court stated on the record that it had considered all of the information contained therein. "Our Supreme Court has determined that where the trial court is informed by a pre-sentence report, it is presumed that the court is aware of all appropriate sentencing factors and considerations, and that where the court has been so informed, its discretion should not be disturbed." *Ventura,* 975 A.2d at 1135 (citation omitted).

¶ 17 Moreover, we note the Commonwealth informed the trial court that Appellant had nine arrests, including open cases for murder, robbery, and assault, and he poses a significant threat to the community. The trial court specifically acknowledged this fact in sentencing Appellant. Also, with regard to Appellant's rehabilitative needs, defense counsel explained that Appellant had "academic potential" and was gainfully employed until he "fell in with the wrong crowd." In sentencing Appellant, the trial court indicated that it was taking into account all of the information presented during the sentencing hearing. Therefore, we find no merit to Appellant's contention the trial court failed to consider either his rehabilitative needs or the protection of the public in sentencing him.

¶ 18 Finally, Appellant claims the trial court failed to consider Appellant's particular characteristics, such as the fact Appellant finished high school, went to community college for one year, had a strong family support system, worked at a refrigeration company and nursing home, has a son, and his mother had a recent heart attack. We conclude Appellant's final challenge is essentially a claim that the trial court abused its discretion in failing to adequately consider certain mitigating factors. "[T]his Court has held on numerous occasions that a claim of inadequate consideration of mitigating factors does not raise a substantial question for our review." *Commonwealth v. Matroni,* 923 A.2d 444, 455 (Pa.Super.2007) (quotations, quotation marks, and citations omitted).

¶ 19 For all of the foregoing reasons, we affirm.

¶ 20 Affirmed.

¶ 21 COLVILLE, J., files a Dissenting Opinion.

DISSENTING OPINION BY COLVILLE, J.:

¶ 1 Because Appellant's post-sentence motion for reconsideration of sentence is not in the certified record, *see* Majority at 792 n. 1, this Court cannot determine whether he preserved the arguments he now advances. *Commonwealth v. Rush,* 959 A.2d 945, 949 (Pa.Super.2008). Moreover, it was Appellant's duty to ensure all necessary documents were included in the certified record. *Id.* Therefore, I would deny allowance of appeal.