J-S61007-14

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| MICHAEL LAMONT ELLIS, | : | |
| | : | |
| Appellant | : | No. 1560 WDA 2013 |

Appeal from the Judgment of Sentence Entered July 24, 2013,
In the Court of Common Pleas of Allegheny County,
Criminal Division, at No(s): CP-02-CR-0003801-2012

BEFORE:  FORD ELLIOTT, P.J.E., WECHT, and STRASSBURGER,[*] JJ.

CONCURRING MEMORANDUM BY: STRASSBURGER, J.: **FILED DECEMBER 18, 2014**

I agree with the result reached by the Majority; however, I write separately on two of Appellant's issues.

First, the implied consent provision of the Motor Vehicle Code provides, in relevant part, that

> [a]ny person who drives, operates or is in actual physical control of the movement of a vehicle in this Commonwealth shall be deemed to have given consent to one or more chemical tests of breath, blood or urine for the purpose of determining the alcoholic content of blood…if a police officer has reasonable grounds to believe the person to have been driving, operating or in actual physical control of the movement of a vehicle…(1) in violation of section…3802 (relating to driving under influence of alcohol or controlled substance).

75 Pa.C.S. §  1547(a)(1).

---

* Retired Senior Judge assigned to the Superior Court.

Instantly, the police had ample probable cause to believe Appellant was DUI. Accordingly, Appellant's claim must fail.

Additionally, as to Appellant's third issue, I believe his 2119(f) statement does raise a substantial question, and would address his issue on the merits.[1] However, the record clearly refutes Appellant's claim. The trial court was presented with two pre-sentence investigations, as well as a letter from Appellant's former employer and documentation that Appellant sought alcohol treatment while incarcerated. Acknowledging those efforts, but concluding that they came too late, the trial court imposed sentence. Where, as here, the sentencing judge had the benefit of a  presentence investigation report, we presume that he was aware of the relevant information regarding the defendant's character, and weighed those considerations along with mitigating statutory factors. *Commonwealth v. Tirado,* 870 A.2d 362, 368 (Pa. Super. 2005); *Commonwealth v. Burns*, 765 A.2d 1144, 1150-51 (Pa. Super. 2000). Accordingly, Appellant is not entitled to relief.

For the foregoing reasons, I concur in the affirmance of Appellant's judgment of sentence.

---

[1] *See Commonwealth v. Ventura*, 975 A.2d 1128, 1133 (Pa. Super. 2009) (holding that Ventura's contention that the trial court court imposed sentence based solely on the seriousness of the offense and failed to consider all relevant factors raised a substantial question); *Commonwealth v. Downing*, 990 A.2d 788, 793 (Pa. Super. 2010) (holding that the trial court's failure to consider rehabilitative needs of a defendant and the protection of society in fashioning a sentence raises a substantial question).