J-S18007-16

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| LEON LAMONT ALLEN, | : | |
| | : | |
| Appellant | : | No. 1328 MDA 2015 |

Appeal from the Judgment of Sentence June 15, 2015
in the Court of Common Pleas of Dauphin County
Criminal Division at No(s): CP-22-CR-0001153-2014

BEFORE:    BOWES, LAZARUS, and STRASSBURGER,* JJ.

CONCURRING MEMORANDUM BY STRASSBURGER, J.:

**FILED MARCH 11, 2016**

I agree that Appellant's judgment of sentence should be affirmed. However, although I have expressed my opinion that the merits of claims concerning the discretionary aspects of sentencing should be reached in all cases as a matter of right,[1] the current law requires that appellants must raise in their 2119(f) statements substantial questions that their sentences are inappropriate under the sentencing code.  Contrary to the Majority's determination, I would not find that Appellant satisfied his burden in the instant case.

---

[1] ***Commonwealth v. Zirkle***, 107 A.3d 127, 135 (Pa. Super. 2014) (Strassburger, J. dissenting) (opining that procedural hurdles for review of discretionary aspects of sentencing infringes upon a criminal defendant's absolute right to an appeal).

*Retired Senior Judge assigned to the Superior Court.

The Majority accurately quotes *Commonwealth v. Kelly*, 33 A.3d 638, 640 (Pa. Super. 2011), as stating, "A claim that a sentence is manifestly excessive such that it constitutes too severe a punishment raises a substantial question." Majority Memorandum at 4-5. For that proposition, *Kelly* refers to *Commonwealth v. Mouzon*, 812 A.2d 617, 624 (Pa. 2002). In *Mouzon*, our Supreme Court held that "the Superior Court erred in finding that Appellant's excessiveness challenge failed to raise a substantial question as a matter of law because his sentence was within the statutory limits." *Id.* at 628. But the *Mouzon* Court also explained:

> This does not mean, however, that the Superior Court must accept bald allegations of excessiveness. Rather, only where the appellant's Rule 2119(f) statement sufficiently articulates the manner in which the sentence violates either a specific provision of the sentencing scheme set forth in the Sentencing Code or a particular fundamental norm underlying the sentencing process, will such a statement be deemed adequate to raise a substantial question so as to permit a grant of allowance of appeal of the discretionary aspects of the sentence.

*Id.* at 627.

Here, Appellant in his 2119(f) statement: (1) claims that he accepted responsibility for his "poor decision" while simultaneously reiterating his trial defense that he did not commit the robbery; and (2) points to mitigating evidence such as his obtaining a GED and completing two semesters of college classes. Appellant's Brief at 10.

Appellant's statement amounts to no more than a claim that the trial court did not weigh the mitigating factors as heavily as Appellant wished. This does not raise a substantial question that Appellant's sentence "violates either a specific provision of the sentencing scheme set forth in the Sentencing Code or a particular fundamental norm underlying the sentencing process." **Mouzon**, 812 A.2d at 627. **See**, **e.g.**, **Commonwealth v. Disalvo**, A.3d 900, 903 (Pa. Super. 2013) (quoting **Commonwealth v. Downing**, 990 A.2d 788, 794 (Pa. Super. 2010)) ("[T]his Court has held on numerous occasions that a claim of inadequate consideration of mitigating factors does not raise a substantial question for our review.").

Accordingly, I would hold that Appellant is entitled to no relief from this Court based upon his failure to raise a substantial question.