J-S68041-18

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| APRIL LYNN ALSIPPI | : | |
| | : | |
| Appellant | : | No. 836 WDA 2018 |

Appeal from the Judgment of Sentence May 1, 2018
In the Court of Common Pleas of Westmoreland County Criminal Division
at No(s):  CP-65-CR-0005122-2016,
CP-65-CR-0005136-2016, CP-65-CR-0005146-2016,
CP-65-CR-0005678-2016, CP-65-CR-0005860-2016

BEFORE:   SHOGAN, J., DUBOW, J., and STEVENS*, P.J.E.

MEMORANDUM BY STEVENS, P.J.E.:                FILED DECEMBER 27, 2018

Appellant, April Lynn Alsippi, appeals from the judgment of sentence entered in the Court of Common Pleas of Westmoreland County, after the court had accepted her non-negotiated guilty pleas in the above-captioned five cases.  Sentenced to an aggregate term of eight to 20 years' incarceration, Appellant challenges both the discretionary aspects of her sentence and the sentencing court's denial of her request for a continuance of sentencing.  We affirm.

The five docketed matters consolidated in the present appeal stem from Appellant and her cohort committing a slew of violent crimes, including kidnapping and robbery while armed with a deadly weapon, to fund their drug habits.  On December 1, 2017, Appellant entered non-negotiated pleas in all five matters.

_____
*   Former Justice specially assigned to the Superior Court.

On May 1, 2018, at the conclusion of Appellant's sentencing hearing, the court aggregated concurrent standard range sentences of six to 12 years for kidnapping and robbery, respectively, under case 5122, with a standard range sentence of two to eight years for burglary at case 5136. All other sentences in the remaining docketed matters either ran concurrently to the aforementioned sentences or were subject to merger. The resultant aggregate sentence of eight to 20 years' incarceration fell within the nine year, three month upper limit of the standard range given Appellant's prior record and offense gravity scores.

On May 8, 2018, Appellant filed a motion to reconsider sentence, which the trial court denied. On June 1, 2018, Appellant timely filed five separate notices of appeal, and subsequently complied with the trial court's order directing her to file a concise statement of matters complained of on appeal pursuant to Pa.R.A.P. 1925(b).

Appellant presents two issues for our review:

1. [Did] Judge Bilik-Defazio abuse[] her discretion by not considering the Appellant's lack of violent criminal history, her troubled upbringing and lack of drug rehabilitation treatment for sentencing?

2. [Did] Judge Bilik-Defazio abuse[] her discretion by not granting Appellant's request to continue her sentencing to be scheduled along with . . . the co-defendant's sentencing hearing?

Appellant's brief, at 7.

Appellant argues that the trial court erred in denying her motion to modify sentence, which challenged the discretionary aspects of her sentence.

- 2 -

The following principles apply to our consideration of whether Appellant's claim raises a viable challenge to the discretionary aspects of her sentence.

> An appellant is not entitled to the review of challenges to the discretionary aspects of a sentence as of right. Rather, an appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction. We determine whether the appellant has invoked our jurisdiction by considering the following four factors:
>
> > (1) whether appellant has filed a timely notice of appeal; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence; (3) whether appellant's brief has a fatal defect; and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code.

Commonwealth v. Samuel, 102 A.3d 1001, 1006-07 (Pa.Super. 2014) (citations omitted).

Appellant filed a timely post-sentence motion seeking reconsideration of her sentence, followed by timely notices of appeal after the court denied her motion. Her brief, however, suffers from a fatal defect, as she failed to include a Rule 2119(f) statement in her brief and the Commonwealth objected. Commonwealth v. Karns, 50 A.3d 158, 166 (Pa. Super. 2012) ("If a defendant fails to include an issue in a Rule 2119(f) statement and the Commonwealth objects, the issue is waived and this Court may not consider it."). Accordingly, Appellant as waived this claim.

Even if we were to overlook waiver, Appellant's bald allegation that the court did not consider mitigating circumstances in fashioning her standard range sentences affords her no relief, as we have specifically held such an

averment fails to raise a substantial question. See Commonwealth v. Downing, 990 A.2d 788, 794 (Pa.Super. 2010). Additionally, the trial court had the benefit of a pre-sentence report. See Commonwealth v. Moury, 992 A.2d 162, 171-72 (Pa.Super. 2010) (recognizing precedent that where trial court had benefit of presentence investigation report, imposition of standard range sentence, absent more, cannot be considered excessive or unreasonable). We therefore find Appellant failed to raise a substantial question invoking this Court's jurisdiction.

In Appellant's remaining issue, she contends the sentencing court erred in refusing to continue her sentencing hearing to a later date that would align with her co-defendant's sentencing hearing. Specifically, she argues that she was prejudiced by the denial of a continuance since "she was not able to listen to the co-defendant's colloquy and make advantageous arguments in a petition for reconsideration." Appellant's brief at 13. Appellant therefore maintains that the court's manifestly unreasonable ruling requires this case to be remanded for a new sentencing hearing.

"The grant or denial of a motion for a continuance is within the sound discretion of the trial court and will be reversed only upon a showing of an abuse of discretion." Commonwealth v. Boxley, 596 Pa. 620, 948 A.2d 742, 746 (Pa. 2008). An abuse of discretion is "not merely an error of judgment; rather discretion is abused when 'the law is overridden or misapplied, or the judgment exercised is manifestly unreasonable, or the

result of partiality, prejudice, bias, or ill-will, as shown by the evidence or the record.'" Id.

We find the Appellant is not entitled to relief. Specifically, Appellant points to nothing about co-defendant's sentencing that would have proven advantageous to her at her own sentencing. Instead, her claim merely speculates about the possibility that some relevant information from co-defendant's sentencing may have benefitted her. Appellant has not shown an abuse of the court's discretion with such an argument, particularly where the Commonwealth had indicated its witness was present to give a victim impact statement and the court subsequently imposed standard range sentences. Accordingly, we decline to find the court abused its discretion in denying Appellant's motion to continue sentencing.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/27/2018