J-S30009-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| WENDELL LAVENTURE | : | |
| | : | |
| Appellant | : | No. 1758 EDA 2017 |

Appeal from the Judgment of Sentence May 1, 2017
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0000378-2009

BEFORE:  PANELLA, P.J., KUNSELMAN, J., and MUSMANNO, J.

MEMORANDUM BY PANELLA, P.J.:                    **FILED FEBRUARY 26, 2020**

Wendell Laventure appeals from the judgment of sentence entered on May 1, 2017, in the Court of Common Pleas of Philadelphia County, following the revocation of his probation.  Appellant contends the trial court failed to consider his rehabilitative needs in imposing sentence. Pursuant to our review of the record, we conclude the court did consider Appellant's rehabilitative needs and therefore affirm.

We briefly note, on May 1, 2017, the trial court revoked Appellant's probation and sentenced him to an aggregate term of 3 to 6 years' imprisonment, following Appellant's conviction on new criminal charges. Having received leave of court, Appellant filed a post-sentence motion *nunc*

*pro tunc*, which the trial court subsequently denied.[1]  The instant, timely appeal followed.

On appeal, Appellant challenges the discretionary aspects of sentence, claiming the trial court failed to consider his rehabilitative needs.  In **Commonwealth v. Cartrette**, 83 A.3d 1030 (Pa. Super. 2013) (*en banc*), this Court held that "[our] scope of review in an appeal from a revocation sentencing includes discretionary sentencing challenges."  **Cartrette**, **supra** at 1034.  Thus, Appellant's claim is properly before us.

The principles that guide our review are well settled:

> . . . [t]he right to appeal a discretionary aspect of sentence is not absolute.  Rather, where an appellant challenges the discretionary aspects of a sentence, an appellant's appeal should be considered as a petition for allowance of appeal.  As we stated in **Commonwealth v. Moury**, 2010 PA Super 46, 992 A.2d 162 (Pa. Super. 2010):
>
>> An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test:
>>
>>> [W]e conduct a four-part analysis to determine:  (1) whether appellant has filed a timely notice of appeal, **see** Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider

_____

[1] This Court was unable to determine from the record if the trial court permitted Appellant to file his post-sentence motion *nunc pro tunc* and if the court subsequently denied the motion.  Accordingly, on October 17, 2019, we remanded the matter for clarification.  On November 1, 2019, the trial court issued an order clarifying the situation.  Therefore, the matter is ripe for our review.

and modify sentence, *see* Pa.R.Crim.P.
[720]; (3) whether appellant's brief has a
fatal defect, Pa.R.A.P. 2119(f); and (4)
whether there is a substantial question
that the sentence appealed from is not
appropriate under the Sentencing Code,
42 Pa.C.S.A. § 9781(b).

*Id.* at 170. Whether a particular issue constitutes a
substantial question about the appropriateness of
sentence is a question to be evaluated on a case-by-
case basis.

*Commonwealth v. Radecki*, 180 A.3d 441, 467 (Pa. Super. 2018)

(quotation marks and most citations omitted). Further, "the imposition of

sentence following the revocation of probation is vested within the sound

discretion of the trial court, which, absent an abuse of that discretion, will not

be disturbed on appeal. . . ." *Commonwealth v. Edwards*, 71 A.3d 323,

327 (Pa. Super. 2013) (citations omitted), *appeal denied*, 81 A.3d 75 (Pa.

2013).

Here, Appellant has complied with the first three requirements.

Moreover, a claim the trial court failed to consider a defendant's rehabilitative

needs raises a substantial question. *See Commonwealth v. Downing*, 990

A.2d 788, 793 (Pa. Super. 2010).

Appellant contends that the trial court failed to adequately consider his

rehabilitative needs. The trial court made it clear at sentencing that one of its

main concerns was that Laventure repeatedly committed crimes while on

probation and parole, and thus has not been amenable to rehabilitation while

under supervision. *See* N.T., Sentencing, 5/1/17, at 11, 13. Further, the court

noted that Appellant had not adequately availed himself of the rehabilitative programs available to him while he was in prison and on parole. *See id*., at 11.

Admittedly, the sentencing court did not give an extended review of Laventure's rehabilitative needs. However, the court concluded,

> I don't have real faith that you're going to take the opportunities that have been given to you by continuing the probation I gave you in April of 2016 and do something [positive with it.] … I suggest you get a GED while you're there. I suggest you get some job training so you don't have to steal people's things or be involved in the theft of people's things.
>
> …
>
> Do you think you'll learn [your lesson?] You'll be 30 when you get out or 29. Do you think you'll learn your lesson?

*Id*., at 14-15. After Appellant responded that he thought he already had learned his lesson, the court stated "Well, I don't think you did because you went and did this other thing[.]" *Id*., at 16. Therefore, the court considered Appellant's rehabilitative needs; it merely found that Appellant was unlikely to be rehabilitated while not in prison. The court clearly expressed its desire that Appellant would take the opportunities available to him to ensure that he did not commit any future crimes.

Under these circumstances, we cannot conclude the court failed to consider Appellant's rehabilitative needs. We therefore conclude that Appellant's sole issue on appeal merits no relief.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/26/20