J-S18021-23 & J-S18022-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| CHRISTOPHER RUSSELL | : | |
| | : | |
| Appellant | : | No. 889 EDA 2022 |

Appeal from the PCRA Order Entered November 5, 2021
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0011005-2009

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| CHRISTOPHER RUSSELL | : | |
| | : | |
| Appellant | : | No. 890 EDA 2022 |

Appeal from the PCRA Order Entered November 5, 2021
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0011006-2009

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| CHRISTOPHER RUSSELL | : | |
| | : | |
| Appellant | : | No. 891 EDA 2022 |

Appeal from the PCRA Order Entered November 5, 2021
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0011010-2009

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |

|  |  |  |
|---|---|---|
|  | : | PENNSYLVANIA |
|  | : |  |
| v. | : |  |
|  | : |  |
|  | : |  |
| CHRISTOPHER RUSSELL | : |  |
|  | : |  |
| Appellant | | No. 892 EDA 2022 |

Appeal from the PCRA Order Entered November 5, 2021
In the Court of Common Pleas of Philadelphia County Criminal
Division at No(s):  CP-51-CR-0011011-2009

|  |  |  |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
|  | : | PENNSYLVANIA |
|  | : |  |
| v. | : |  |
|  | : |  |
|  | : |  |
| CHRISTOPHER RUSSELL | : |  |
|  | : |  |
| Appellant | | No. 893 EDA 2022 |

Appeal from the PCRA Order Entered November 5, 2021
In the Court of Common Pleas of Philadelphia County Criminal
Division at No(s):  CP-51-CR-0011012-2009

|  |  |  |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
|  | : | PENNSYLVANIA |
|  | : |  |
| v. | : |  |
|  | : |  |
|  | : |  |
| CHRISTOPHER RUSSELL | : |  |
|  | : |  |
| Appellant | : | No. 894 EDA 2022 |

Appeal from the PCRA Order Entered November 5, 2021
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0011013-2009

|  |  |  |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
|  | : | PENNSYLVANIA |

:
v. :
:
:
:
CHRISTOPHER RUSSELL :
:
Appellant : No. 895 EDA 2022

Appeal from the PCRA Order Entered November 5, 2021
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0011030-2009

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
CHRISTOPHER RUSSELL :
:
Appellant : No. 896 EDA 2022

Appeal from the PCRA Order Entered November 5, 2021
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0011090-2009

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
:
v. :
:
:
:
CHRISTOPHER RUSSELL :
:
Appellant : No. 897 EDA 2022

Appeal from the PCRA Order Entered November 5, 2021
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0011091-2009

BEFORE: PANELLA, P.J., DUBOW, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY DUBOW, J.:                    **FILED JUNE 13, 2023**

In these consolidated appeals,[1] Appellant, Christopher Russell, appeals from the November 5, 2021 orders entered in the Philadelphia County Court of Common Pleas which granted in part and denied in part his petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-46. Appellant challenges the discretionary aspects of an aggregate term of 55 to 110 years of incarceration imposed after the PCRA court vacated Appellant's judgments of sentence only at Docket Nos. 11006-09 and 11010-09 and resentenced him. After careful review, we affirm.

The facts and procedural history relevant to our disposition are as follows. From September 2008 through March 2009, Appellant committed a series of violent robberies against nine victims, most of them elderly women, whom he had followed to their homes. The Commonwealth charged Appellant at separate docket numbers with multiple counts of Aggravated Assault, Robbery, and related offenses. At Appellant's July 21 and August 26, 2009 preliminary hearings, the court held over for trial all charged offenses except the Aggravated Assault charge at Docket No. 11006-09 pertaining to victim

---

[*] Former Justice specially assigned to the Superior Court.

[1] On June 6, 2022, this Court consolidated the appeals docketed at Nos. 889 and 892-897 EDA 2022. That same day we separately consolidated the appeals docketed at Nos. 890 and 891 EDA 2022. Because our review of this matter indicates that Appellant has raised one identical issue and identical arguments in each of his previously consolidated appeals, we, thus, further consolidate these appeals *sua sponte*.

Patricia Gordon-Mann and the Aggravated Assault charge at Docket No. 11010-09 pertaining to victim Elsie Curry. The court dismissed those charges and downgraded the Robbery charge pertaining to Ms. Curry to a second-degree felony.

The trial court consolidated Appellant's cases and Appellant proceeded to a jury trial. The jury convicted him of eight counts of Aggravated Assault, nine counts of Robbery, seven counts of Burglary, and one count of Possession of Marijuana. Notably, notwithstanding the prior dismissal of two counts of Aggravated Assault and the downgrading of the Robbery charge, the Commonwealth pursued those charges at trial and the jury convicted Appellant of them.[2]

On August 9, 2010, after considering a pre-sentence investigation ("PSI") report and all relevant facts and circumstances of the case, the trial court sentenced Appellant to an aggregate term of 63 to 126 years of incarceration.[3] Appellant did not file a post-sentence motion.

---

[2] With respect to Ms. Gordon-Mann, the jury convicted Appellant at Docket No. 11006-09 of Aggravated Assault, Robbery and Burglary. With respect to Ms. Curry, the jury also convicted Appellant at Docket No. 11010-09 of Aggravated Assault, Robbery, and Burglary.

[3] Each of the sentences fell within the standard range of the sentencing guidelines.

Following the reinstatement of his direct appeal rights,[4] on May 3, 2019, this Court affirmed Appellant's Judgment of Sentence, and, on October 22, 2019, the Pennsylvania Supreme Court denied Appellant's petition for allowance of appeal. **See Commonwealth v. Russell**, 209 A.3d 419 (Pa. Super. 2019), *appeal denied*, 218 A.3d 862 (Pa. 2019).

On August 27, 2020, Appellant filed a timely PCRA petition in which he claimed that his prior counsel had rendered ineffective assistance. The PCRA court appointed counsel who, with leave of court, filed amended and supplemental petitions. In the petitions, Appellant claimed that: (1) trial and first direct appeal counsel were ineffective for failing to preserve and then seek reinstatement of Appellant's post-sentence motion rights regarding the weight of the evidence in support of the convictions related to Ms. Curry; (2) trial and first direct appeal counsel were ineffective for failing to preserve and then seek reinstatement of Appellant's post-sentence motion rights regarding the discretionary aspects of his sentence; (3) trial counsel was ineffective for not moving to quash or dismiss the Aggravated Assault charge as to Ms. Gordon-Mann because that charge had been dismissed at Appellant's

_____

[4] After the trial court sentenced Appellant in 2010, Appellant filed a direct appeal that resulted in our affirmance of his Judgment of Sentence due Appellant's failure to develop the argument pertaining to one issue and to request that the trial transcripts necessary to conduct appellate review of the other issue be included in the certified record. **See Commonwealth v. Russell**, No. 2408 EDA 2010 (Pa. Super. filed July 16, 2012) (unpublished memorandum). He then successfully petitioned the PCRA court for reinstatement of his direct appeal rights. He timely appealed and, in 2019, this Court affirmed his Judgment of Sentence on the merits. At each stage of the proceedings, Appellant was represented by different counsel.

preliminary hearing; and (4) trial counsel was ineffective for not moving to quash or dismiss the Aggravated Assault charge as to Ms. Curry as that charge had been dismissed at Appellant's preliminary hearing.

On June 23, 2021, the Commonwealth filed a Partial Motion to Dismiss Appellant's PCRA petition. The Commonwealth asserted that, while Appellant's claims that counsel had not been ineffective for failing to preserve or to seek reinstatement of Appellant's post-sentence motion rights lacked merit, it did not object to the vacatur of the sentences imposed following Appellant's conviction of offenses that had been previously dismissed or downgraded.

On November 5, 2021, the PCRA court entered an order granting in part and denying in part Appellant's petition. In particular, the court denied Appellant relief on his claims that his prior counsel had been ineffective for failing to preserve or seek reinstatement of his post-sentence motion rights. The court granted relief, however, on Appellant's claims related to his judgments of sentence for the Aggravated Assaults of Ms. Gordon-Mann and Ms. Curry and the Robbery of Ms. Curry because those charges had been dismissed at the preliminary hearing. The court, thus, vacated those specific sentences and proceeded to hold a resentencing hearing on Docket Nos. 11006-09 and 11010-09.[5]

_____

[5] The PCRA court explained that it "granted the PCRA [insofar] as it was discovered that [Appellant] went to trial on charges, several charges that had
*(Footnote Continued Next Page)*

At Docket No. 11006-09, the court imposed a term of two to four years of incarceration for Appellant's Robbery conviction and to a consecutive term of two to four years of incarceration for his Burglary conviction. At Docket No. 11010-09, the court resentenced Appellant for his Burglary conviction to a term of two to four years of incarceration and ordered that Appellant serve this sentence consecutive to the sentence imposed at Docket No. 11006-09. Each of these sentences fell below the standard range of the sentencing guidelines. The court further ordered these new sentences to run consecutively to the other sentences that were imposed on August 9, 2010, resulting in a new aggregate sentence of 55 to 110 years of incarceration.

On November 6, 2021, Appellant filed a post-sentence motion in which he asserted that the court abused its discretion in sentencing him because his aggregate sentence constituted an "effective life sentence" and the court failed to consider Appellant's demonstrated potential for rehabilitation. Motion, 11/6/21, at 2, 4. On March 9, 2022, the lower court clerk entered an order denying Appellant's motion by operation of law.

This appeal followed. Both Appellant and the PCRA court complied with Pa.R.A.P. 1925.

_____

been quashed at the lower level; that went unrealized and undetected at the trial level, so that he went to trial on several charges where he had not been held over for trial." N.T., 11/5/21, at 4-5. Thus, the court had determined that Appellant was entitled to vacatur of the sentences imposed following his conviction of the Aggravated Assault of Ms. Gordon-Mann and Aggravated Assault and Robbery of Ms. Curry, and, therefore, it "granted resentencing." *Id.* at 5.

Appellant raises the following issue challenging only the discretionary aspects of his sentence:

> Did the resentencing court abuse its discretion in resentencing Appellant to an aggregate global sentence of 55 to 110 years of incarceration because the [c]ourt did not give justification for imposing an effective life sentence and there were excessive retribution considerations and inadequate consideration of rehabilitation especially because even with a lesser sentence, Appellant would not pose a danger to society if released at an elderly age and, in addition, despite [vacatur] of several sentences, all other sentences remained the same, again indicating excessive retribution considerations only?

Appellant's Brief at 4.

Appellant's issue challenges the discretionary aspects of his sentence. *See id.* at 12-17. Challenges to the discretionary aspects of sentence are not appealable as of right. *Commonwealth v. Leatherby*, 116 A.3d 73, 83 (Pa. Super. 2015). Rather, an appellant challenging the sentencing court's discretion must invoke this Court's jurisdiction by (1) filing a timely notice of appeal; (2) properly preserving the issue at sentencing or in a motion to reconsider and modify the sentence; (3) complying with Pa.R.A.P. 2119(f), which requires a separate section of the brief setting forth a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of a sentence; and (4) presenting a substantial question that the sentence appealed from is not appropriate under the Sentencing Code pursuant to 42 Pa.C.S. § 9781(b). *Commonwealth v. Tejada*, 107 A.3d 788, 797-98 (Pa. Super. 2015)

Appellant preserved this sentencing challenge in a post-sentence motion, filed a timely notice of appeal, and included a Pa.R.A.P. 2119(f) Statement in his Brief. **See** Appellant's Brief at 12-15 (asserting that the resentencing court violated the fundamental norms underlying the sentencing process by imposing a "life sentence" that "goes beyond that required to protect the public"). We, thus, proceed to consider whether Appellant has raised a substantial question for our review.

Appellant argues that the resentencing court abused its discretion in imposing Appellant's sentence because "[r]etribution was overemphasized by the sentencing court with little consideration for Appellant's potential for rehabilitation." Appellant's Brief at 15. We conclude that Appellant has raised a substantial question. **See Commonwealth v. Downing**, 990 A.2d 788, 793 (Pa. Super. 2010) (finding that a claim that the trial court failed to consider a defendant's rehabilitative needs raises a substantial question). Therefore, we now proceed to the merits of the claim raised on appeal.

Appellant argues that the sentencing court failed to justify "what goes beyond a life sentence." Appellant's Brief at 16. He concedes that he had a prior record and that his crimes warrant incarceration but asserts that his sentence is excessive because it "ignores substantive potential for rehabilitation and overemphasizes deterrence and realistic protection of the public." **Id.** He further posits that "[r]etribution considerations are singular and excessive especially considering that there were no permanent physical

injuries to [the c]omplainants." *Id.* at 16-17.  Appellant's argument is without merit.

"Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion."  ***Commonwealth v. Barnes***, 167 A.3d 110, 122 n.9 (Pa. Super. 2017) (*en banc*) (citation omitted).  A sentencing court has broad discretion in choosing the range of permissible confinement that best suits a particular defendant and the circumstances surrounding his or her crime. ***Commonwealth v. Celestin***, 825 A.2d 670, 676 (Pa. Super. 2003).

Where the sentencing court has the benefit of a PSI report, we presume that it is "aware of all appropriate sentencing factors and considerations," and we will not disturb the sentencing court's discretion.  ***Commonwealth v. Ventura***, 975 A.2d 1128, 1135 (Pa. Super. 2009) (discussing ***Commonwealth v. Devers***, 546 A.2d 12, 18-19 (Pa. 1988)).  Moreover, when the trial court reviews the PSI report, it satisfies "the requirement that reasons for imposing sentence be placed on the record by indicating that he or she has been informed by the [PSI]; thus properly considering and weighing all relevant factors."  ***Id.*** (citation omitted)

In addition, courts have consistently found that sentences imposed within the standard range of the sentencing guidelines are not excessive or unreasonable.  ***See, e.g.***, ***id.*** at 1134 (explaining that a sentence within the guidelines is presumed to be reasonable); ***see also Commonwealth v. Cruz–Centeno***, 668 A.2d 536, 546 (Pa. Super. 1995) (finding that a standard

range sentence imposed following consideration of a PSI report was neither excessive nor unreasonable).

In its Rule 1925(a) Opinion, the PCRA court, who presided over Appellant's original 2010 trial and sentencing, opined that, when resentencing Appellant, it "took into consideration the [PSI] report from 2010, Appellant[']s prior record score;[6] the recommended Sentencing Guidelines; Appellant's allocution; his involvement and participation in educational programs and victims['] awareness programs while incarcerated; and the fact that Appellant had only incurred one misconduct while incarcerated." PCRA Ct. Op., 10/11/22, at 5. The court also noted that it "referenced the factors considered at Appellant's original sentencing,"[7] and that Appellant had originally received a guideline sentence on each charge. *Id.*

---

[6] The court observed that Appellant had a "very serious prior record score." PCRA Ct. Op., 10/11/22, at 5 (citing N.T., 11/5/21, at 25.)

[7] The court noted both on the record at sentencing and in a prior opinion issued in connection with Appellant's direct appeal, that, in sentencing Appellant in 2010, it considered, *inter alia*, the PSI report, the sentencing guidelines, victim impact statements, the testimony from the sentencing hearing, "the violent and predatory nature of Appellant's offenses," the protection of the public, the gravity of the offenses, the character and condition of Appellant, his family background and children, his scant work history, his passive expression of remorse and failure to accept responsibility for his actions, his extraordinary criminal history, the escalating levels of violence Appellant demonstrated, and the paucity of mitigating factors, including Appellant's failure to make use of programs available to him during his multiple prior periods of imprisonment. N.T., 8/9/10, at 14-17; Trial Ct. Op., 3/18/20, at 24-25.

The court, describing the brutality of Appellant's crimes, further explained as follows:

> Ultimately, Appellant was convicted of six (6) counts of aggravated assault and eight (8) counts of robbery. The victims were elderly women who were entering their homes when Appellant attacked them. He grabbed one woman by the back of the neck and slammed her face[] into the pavement, breaking her front teeth. He came up behind another woman who was pulling into her driveway, followed her to her door, then threw her to the floor and held her down with his foot while he punched her in the stomach. He approached a 79-year-old woman who was entering her house, and under the ruse of selling Girl Scout cookies, followed her into her house, knocked her to the ground in front of her 85-year-old husband and robbed him of $80. Before he left, he threatened to kill them both if they told anyone. He attacked an 84-year-old woman and repeatedly banged her head against metal shelving in her basement. In the end, Appellant stole handbags from these women and fled.

*Id.* at 6.

Finally, the court concluded that notwithstanding the positive use Appellant has made of his time in prison, which includes completing 11 rehabilitative programs, given Appellant's long criminal history and the facts of the instant crimes, the court had followed the law by vacating what was previously an illegal sentence and properly exercised its discretion in resentencing Appellant. The court acknowledged that it had imposed "essentially . . . a life sentence." N.T., 8/9/10, at 18. However, it concluded that it was a "just sentence" in light of "the number of victims, the ages of the victims and the acts that [Appellant] perpetrated upon them." *Id.*

Following our review, we conclude that the record belies Appellant's claim that the court placed undue emphasis on retribution and did not consider

Appellant's rehabilitative possibilities.  To the contrary, as set forth above, the record shows that the court considered all of the relevant sentencing factors.[8] Appellant is, thus, not entitled to relief.

Orders affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/13/2023

---

[8] Moreover, because the court also considered the PSI report, we presume that it was aware of and weighed all relevant factors.