J-A05015-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JOLENE NICOLE SOLOMON | : | |
| | : | |
| Appellant | : | No. 510 WDA 2024 |

Appeal from the Judgment of Sentence Entered January 19, 2024
In the Court of Common Pleas of Clarion County Criminal Division at
No(s): CP-16-CR-0000089-2023

BEFORE: MURRAY, J., KING, J., and FORD ELLIOTT, P.J.E. [*]

MEMORANDUM BY MURRAY, J.:           **FILED: MARCH 10, 2025**

Jolene Nicole Solomon (Appellant) appeals from the judgment of sentence entered following her guilty plea to stalking – repeated acts to cause fear of bodily injury.[1] After careful review, we affirm.

The trial court summarized the underlying history of this appeal as follows:

> [In December 2021, Appellant telephoned] a woman[, (the victim),] who had obtained legal and physical custody of [Appellant's] two children[,] numerous times [and] left threatening and derogatory voice[]mail messages, including threats that [Appellant] would be sending people to the [victim's] home to physically remove the children. [The victim] was concerned about the safety of the children and herself because the actions of [Appellant] were unpredictable and threatening.

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S.A. § 2709.1(a)(2).

The police investigated and obtained recordings of 22 voice[]mail messages. [Police] filed a criminal complaint on February 8, 2023, describing the threatening messages, and they charged [Appellant] with terroristic threats, harassment, and stalking.

On September 13, 2023, [Appellant] entered a plea of guilty to stalking – repeated acts to cause fear of bodily injury … on the following negotiated terms: "[Appellant] to be sentenced to a term of probation. [Appellant] shall have no contact with the victim or the victim's family. [Appellant] shall refrain from social media posts regarding the victim or the victim's family." The [trial] court issued an order reciting the terms of the plea agreement[,] and stated further that the no[-]contact provision did not preclude [Appellant] from seeking a modification of an existing custody order that may permit her to have contact with her children. The court scheduled sentencing for September 25, 2023.

Trial Court Opinion, 5/24/24, at 1-2 (capitalization modified).

On September 26, 2023, Appellant failed to appear for her sentencing hearing. The trial court described what next transpired:

[Appellant] was first apprehended in December 2023. The court held a bench warrant hearing on December 14, 2023. [Appellant's] attorney said she failed to appear [for sentencing] on September 26 because [Appellant] had a lot going on in her life with regard to mental health needs and[,] at about that same time, she admitted herself to a psychiatric hospital. Following the hearing, the court issued an order focusing on the need for mental health treatment. [The court] directed [Appellant] to update the presentence investigation report and to authorize the probation office to obtain relevant mental health treatment records, since there had been no indication previously that [Appellant] believed she needed or would receive any treatment.

The court rescheduled sentencing and [Appellant] appeared on January 19, 2024. The court imposed a sentence of [three years'] probation. The court directed [Appellant] to obtain a psychiatric evaluation and to participate in recommended treatment. The court also imposed conditions pursuant to the plea agreement that [Appellant] should have no contact with the victim

- 2 -

or the victim's family, and should refrain from social media posts regarding the victim or the victim's family.

**The [sentencing] court directed the Clarion County Adult Probation Office to retain and maintain supervision, rather than transferring it to the county of [Appellant's] residence for various reasons….**

*Id.* at 2-3 (emphasis added).

Appellant filed a post-sentence motion challenging the county for her probation supervision. After a hearing on March 21, 2024, the trial court denied Appellant's post-sentence motion. Appellant timely appealed. Appellant and the trial court have complied with Pa.R.A.P. 1925.

Appellant presents the following allegation of error:

That the conditions of probation imposed at the time of sentencing[,] and upheld after a hearing on a post-sentence motion[,] impose too great a deprivation of liberty than what is reasonably necessary.

Appellant's Brief at 4.

Appellant challenges the discretionary aspects of her sentence. It is well established that there is no automatic right to appeal with respect to a discretionary aspect of sentencing claim. *Commonwealth v. White*, 193 A.3d 977, 982 (Pa. Super. 2018). However, before we discuss the merits of the challenge, we must determine:

(1) whether the appeal [was timely filed]; (2) whether [a]ppellant preserved h[er] issue; (3) whether [a]ppellant's brief includes a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of sentence; and (4) whether the concise statement raises a substantial question that the sentence is appropriate under the sentencing code. …

[I]f the appeal satisfies each of these four requirements, we will then proceed to decide the substantive merits of the case.

*Id.* at 982 (citation omitted).

Here, Appellant has satisfied the first three prongs: (1) she timely filed a notice of appeal; (2) she preserved her issue by filing a post-sentence motion; and (3) she included in her brief a Pa.R.A.P. 2119(f) statement of reasons relied upon for allowance of appeal. However, this does not end the procedural prerequisites for substantive review.

> Pa.R.A.P. 2119(f) requires an appellant to set forth in [her] brief a concise statement of reasons relied upon in support of granting allowance of appeal with respect to the discretionary aspects of … her sentence. The concise statement must show that there is a substantial question that the sentence imposed was not appropriate under the Sentencing Code in order for this Court to grant an allowance of appeal. A substantial question exists where the appellant presents a plausible argument that the sentence violates a provision of the Sentencing Code or is contrary to the fundamental norms underlying our sentencing scheme.

*Commonwealth v. Grimes*, 982 A.2d 559, 566 (Pa. Super. 2009) (quotation marks and citations omitted). Whether an appellant presents "a substantial question is to be evaluated on a case-by-case basis." *Commonwealth v. Williams*, 69 A.3d 735, 740 (Pa. Super. 2013) (citation omitted).

Appellant's Rule 2119(f) statement claims

> [a] substantial question exists … due to the fundamental liberty interest at issue. Additionally, the issue raise[d] by [Appellant] implicates significant Due Process and Equal Protection concerns, which constitute a substantial question.

Appellant's Brief at 8.

A claim that a particular probation condition is not reasonable due to the lack of a nexus between the restriction and the rehabilitative needs of the defendant has previously been found to present a substantial question. *See Commonwealth v. Starr*, 234 A.3d 755, 760 (Pa. Super. 2020). Further, to the extent Appellant claims the trial court did not consider her rehabilitative needs when crafting its sentence, Appellant presents a substantial question. *See Commonwealth v. Downing*, 990 A.2d 788, 793 (Pa. Super. 2010) (holding that the [a]ppellant's claim "that the trial court failed to consider [his] rehabilitative needs ... raises a substantial question."). Instantly, we conclude Appellant has established a substantial question.

Appellant argues that the conditions of her probation are unreasonable. Appellant's Brief at 9. Appellant asserts that she recently sold her vehicle and "began working in her home county." *Id.* According to Appellant, Clarion County Probation Officer Chuck McGranor (Officer McGranor) testified that despite Appellant's lack of transportation, she would still be required to report to Clarion County for drug testing. *Id.*

Appellant argues that "requiring her to report to the venue of the criminal charges serves no legitimate purpose." *Id.* at 10. Appellant claims that this condition would bring her into the same county as her victims and serves no purpose. *Id.* According to Appellant, the requirement that she take a taxi more than 100 miles "is an unrealistic expectation for an indigent petitioner." *Id.* Appellant argues that Officer McGranor testified at the post-

sentence motion hearing to being aware that Appellant had sold her vehicle.

*Id.* at 9.

Our standard of review of a sentencing challenge is well settled:

Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

*Commonwealth v. Reid*, 323 A.3d 26, 30-31 (Pa. Super. 2024) (citation omitted).

In denying Appellant's post-sentence motion, the trial court stated the following:

The court directed the Clarion County Adult Probation Office to retain and maintain supervision, rather than transferring it to the county of [Appellant's] residence[,] for various reasons. [Appellant] had been living in a camper trailer and there were questions about the county of her residence. [Appellant] failed to comply with the court order [to appear] for sentencing in September and did not tell anyone she would not attend. At the bench warrant hearing, [Appellant] reported for the first time that she had obtained mental health services on her own. There was a need to obtain additional information on any treatment she had received for sentencing purposes.

At sentencing, the court ordered [Appellant] to obtain a psychiatric evaluation and to comply with treatment recommendations. The Clarion County Probation Office was able to help identify an appropriate psychiatrist for an evaluation and to require [Appellant] to complete an evaluation and to attend and complete treatment without delay. On the other hand, if the case was transferred to another county for [probation] supervision, that office may not have been able to devote the same time and attention to obtaining [Appellant's] existing treatment records, to

identifying an appropriate psychiatrist, and to making certain [Appellant] obtained an evaluation and completed treatment.

… At an evidentiary hearing, the Commonwealth presented testimony by … [O]fficer [] McGranor. He explained on the record why he can properly supervise [Appellant] **without causing her any hardship**….

Trial Court Opinion, 5/24/24, at 2-3 (emphasis added).

The notes of testimony from the post-sentence motion hearing are not included in the certified record. It is the appellant's duty to request and pay for transcripts. Pa.R.A.P. 1911(a). It is also the appellant's responsibility to ensure that the record certified on appeal contains the materials necessary for this Court to conduct appellate review, and the failure to do may result in waiver. *Commonwealth v. Preston*, 904 A.2d 1, 7 (Pa. Super. 2006) (*en banc*). We decline to find waiver.

In her argument, Appellant does not dispute Officer McGranor's testimony, as found by the trial court, that he could properly supervise Appellant without causing her undue hardship. Trial Court Opinion, 5/24/24, at 3; *see generally* Appellant's Brief at 9-10. Appellant points to nothing of record contradicting the trial court's finding in this regard. Our review discloses no abuse of the trial court's discretion in relying on Officer McGranor's testimony. *See Reid*, 323 A.3d at 30. Accordingly, we affirm Appellant's judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler

Benjamin D. Kohler, Esq.
Prothonotary

DATE: 3/10/2025